LTV STEEL COMPANY, Appellant,

v.

INDUSTRIAL COMMISSION OF Ohio et al., Appellees.

[Cite as *LTV Steel Co. v. Indus. Comm.* (2000), 140 Ohio App.3d 680.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–469.

Decided Dec. 12, 2000.

682

*Manos, Pappas & Stefanski Co., L.P.A., Leonard J. Pappas* and *James A. Neff,* for appellant.

*Betty D. Montgomery,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for appellee Industrial Commission of Ohio.

*Elliot, Heller, Maas, Moro & Magill Co., L.P.A.,* and *Richard A. Magill,* for appellee Glen A. Thornton.

*Boyd, Rummell, Carach & Curry Co., L.P.A.,* and *John C. Boyd,* for appellee Ted Wacht.

*Tablack, Wellman, Jeren, Hackett & Skoufatos Co., L.P.A.,* and *John A. Jeren, Jr.,* for appellees Peter Bernardich and Howard Van Horn.

---

BOWMAN, Presiding Judge.

Appellee, the Industrial Commission of Ohio ("commission"), found that four injured employees of appellant, LTV Steel Company ("LTV"), are entitled to workers' compensation for permanent total disability ("PTD"). The four injured employees are appellees Glen Thornton, Ted Wacht, Peter Bernardich and Howard Van Horn (collectively, "the claimants").

In each of the four workers' compensation claims, LTV sought to depose the claimants' treating physicians, physicians who examined the claimants on behalf of the commission, and vocational consultants who submitted employability assessment reports concerning the claimants. Pursuant to its interpretation of Ohio Adm.Code 4121–3–09, the commission granted one and denied thirteen of LTV's requests for depositions.

LTV filed a declaratory judgment action in the Franklin County Court of Common Pleas, seeking a declaration that Ohio Adm.Code 4121–3–09 is unconstitutional because (1) the rule as written and as applied by the commission in these four claims violated LTV's right to due process by preventing LTV from taking depositions, thereby denying LTV's rights to cross-examination, and (2) the rule violated LTV's right to equal protection of the law. LTV also argued that the administrative rule is unlawful because it is contrary to R.C. 4123.09. The trial court held that "an employer does not have a constitutional right to cross-examine physicians who have submitted written reports," and denied on all counts LTV's complaint for declaratory judgment.

Each of the four claims has a lengthy factual and procedural history. The following brief summaries pertain to LTV's requests to take the specific depositions at issue.

Claimant Glen Thornton filed an application for PTD on March 21, 1996, supported by a March 8, 1996 report from Thornton's physician, Dr. DeChellis. Following a hearing on May 22, 1997, an Industrial Commission staff hearing officer granted the claim for PTD. On June 25, 1997, LTV requested to take the deposition of Dr. DeChellis. The Industrial Commission denied the request on the grounds that Dr. DeChellis had examined Thornton at Thornton's request.

Claimant Ted Wacht filed an application for PTD on March 19, 1996, based on a February 27, 1996 report from his physician, Dr. Frangopoulus. On June 10, 1996, Wacht was examined by an Industrial Commission physician, Dr. Hunter, who opined that Wacht had a fourteen percent impairment. Following a hearing on October 31, 1996, an Industrial Commission staff hearing officer granted the claim for PTD. On November 26, 1996, LTV requested to take the depositions of Drs. Frangopoulus and Hunter. A hearing officer denied the requests as untimely. On June 18, 1997, the Industrial Commission issued an order granting PTD based on the report of Dr. Hunter and reports submitted by vocational evaluators, Mr. Simone and Ms. Pearson. On July 24, 1997, LTV requested to take depositions of Dr. Hunter, Simone and Pearson. The commission denied the requests on October 31, 1997.

Claimant Peter Bernardich applied for PTD on September 20, 1996, based on an August 23, 1996 report from his physician, Dr. Mersol. On behalf of the commission, Dr. Demeter examined Bernardich on January 8, 1997, and Dr. Perry examined Bernardich on January 13, 1997. On February 19, 1997, LTV asked to take the depositions of Drs. Demeter and Perry. The hearing officer granted LTV's request to depose Dr. Demeter but denied the request to depose Dr. Perry. On July 3, 1997, the commission granted the claim for PTD based on the reports of Drs. Perry and Mersol. On July 22, 1997, LTV asked to depose Bernardich's physician, Dr. Mersol, and asked again to depose Dr. Perry. On August. 26, 1997, the commission denied LTV's request to depose Dr. Mersol because he examined Bernardich at his request. The commission also denied the request to depose Dr. Perry on the basis of *res judicata.*

Claimant Howard Van Horn applied for PTD on April 30, 1996, attaching a March 4, 1996 report from Dr. Lagoutaris, a March 7, 1996 report from Dr. Lee and a March 28, 1996 report from Dr. Novosel. On behalf of the commission, Dr. Perry examined Van Horn on September 13, 1996, and Dr. Harris examined Van Horn on September 19, 1996. On October 28, 1996, LTV asked to depose Van Horn's physicians, Drs. Lagoutaris, Lee and Novosel and the commission's physicians, Drs. Perry and Harris. On December 12, 1996, the commission denied LTV's motions to depose Drs. Lagoutaris, Lee and Novosel on the grounds that they were Van Horn's doctors. On July 8, 1997, the commission

also denied the request to depose Drs. Perry and Harris. On September 30, 1997, a hearing officer granted Van Horn's PTD claim.

On appeal, LTV raises the following five assignments of error:

*Assignment of Error No. 1*

"The trial court erred in holding that self insured employers in workers' compensation administrative proceedings have no due process rights."

*Assignment of Error No. 2*

"The trial court erred in holding that self–insured employers in the adjudication of PTD applications do not have a constitutional right to cross–examine physicians who have submitted written reports being used against it."

*Assignment of Error No. 3*

"The trial court erred in failing to address the issue of whether Ohio Adm. Code § 4121–3–09(A)(6) is invalid as 1) it is an usurpation of legislative function; 2) it exceeds the authority conferred by statute; 3) it modifies, conflicts with, and contravenes the governing statute; 4) it is arbitrary, vague, and has no reasonable relationship to the statute; and 5) its conditions are incongruous and unreasonable."

*Assignment of Error No. 4*

"The trial court erred in failing to address the issue of whether Ohio Adm. Code § 4121–3–09(A)(6), as it was applied by the commission in these claims, is unconstitutional and deprived appellant of its due process rights to confront and cross–examine witnesses."

*Assignment of Error No. 5*

"The trial court erred in failing to address the issue of whether Ohio Adm. Code § 4121–3–09(A)(6) and its application to appellant in these claims constitutes a denial of equal protection."

For the reasons that follow, we affirm the judgment of the Franklin County Court of Common Pleas.

■ Constitutional issues of due process and equal protection relating to workers' compensation are questions of law and this court's review is plenary. See *Planet Earth Entertainment, Inc. v. Ohio Liquor Control Comm.* (1998), 125 Ohio App.3d 619, 622, 709 N.E.2d 220.

For clarity, we consider LTV's first and second assignments of error together. In its first assignment of error, LTV contends that that trial court erred in holding that self-insured employers have no due process rights in workers' compensation administrative proceedings. By its own election, LTV is self-

insured under Ohio's workers' compensation system. In its opinion, the court of common pleas stated:

"* * * In Ohio, once an employer has paid the premium into the fund, the fund becomes the property of the state and thus employers have no inherent due process rights as to this fund. Because an employer does not have a due process right to the fund, there is no constitutional right to cross-examine doctors at administrative proceedings that relate to the fund. Accordingly, LTV's argument is without merit."

It is clear from their appellate briefs that the parties are not sure what the trial court meant by this statement or about the applicability of the trial court's ruling to the instant action, which involves a self-insured employer that does not pay a premium into the fund.[1]

In an effort to address any confusion generated by the statement from the trial court, we clarify that employers have certain due process rights in workers' compensation administrative proceedings. See *State ex rel. B.F. Goodrich Co. v. Indus. Comm.* (1991), 73 Ohio App.3d 271, 274, 596 N.E.2d 1118, 1119–1120. An employer who chooses the option of self-insurance under the Workers' Compensation Act has no additional and no fewer rights to procedural due process in an administrative hearing than an employer who opts to pay into the fund. Under either option, employers of claimants whose claims are allowed must pay to compensate claimants, either directly through self-insurance or indirectly through fund contributions. Moreover, under either option, employers are parties to the administrative proceedings. Because we conclude that self-insured employers have some due process rights in workers' compensation proceedings, we sustain LTV's first assignment of error.

Although we conclude that LTV has due process rights in workers' compensation administrative proceedings, however, we must also determine the type of process that LTV is entitled to under the federal and Ohio constitutions. Generally, due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 16, Article I, of the Ohio Constitution apply, to some extent, in the context of administrative law. *Doyle v. Ohio Bur. of Motor Vehicles* (1990), 51 Ohio St.3d 46, 52, 554 N.E.2d 97, 102–103; *State ex rel. Finley v. Dusty Drilling Co.* (1981), 2 Ohio App.3d 323, 324, 2 OBR 366, 367–368, 441 N.E.2d 1128, 1129–1130. However, due process is a flexible concept and calls

---

1. The Workers' Compensation Act establishes a "fund" out of which injured claimants are compensated. Employers who meet certain criteria may be allowed to opt out of paying into the fund and "be granted status as a self-insuring employer." Self-insuring employers earn "the privilege" of paying compensation directly to injured claimants instead of paying into the fund. R.C. 4123.35(B).

for such procedural safeguards as the particular situation demands. *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 545, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494, 505–506. The United States Supreme Court and Ohio Supreme Court both use the test expressed in *Mathews v. Eldridge* (1976), 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33–34, as the basis for due process analysis in administrative hearings. See, *e.g., Mackey v. Montrym* (1979), 443 U.S. 1, 10, 99 S.Ct. 2612, 2616–2617, 61 L.Ed.2d 321, 329–330; *Doyle,* at 52, 554 N.E.2d 97. Under that test, the court must weigh the following three factors to determine whether the process granted in the administrative proceeding is constitutionally adequate (1) the private interest at stake, (2) the risk of an erroneous deprivation of that interest and the probable value of additional procedural safeguards, and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail. *Mathews,* at 335, 96 S.Ct. at 903, 47 L.Ed.2d at 33–34.

In its second assignment of error, LTV contends that it has a due process right to cross-examine all physicians who have submitted written reports that support a claimant's application for PTD. LTV argues that, because the physicians do not attend the administrative hearings, LTV has a due process right to take the physician's depositions. We disagree.

■■ Procedural due process as applied to administrative hearings before the Bureau of Workers' Compensation includes the rights to: (1) reasonable notice of the hearing; and (2) a reasonable opportunity to be heard. *State ex rel. LTV Steel Co. v. Indus. Comm.* (1995), 102 Ohio App.3d 100, 103, 656 N.E.2d 1016, 1018. *Finley,* at 324–325, 2 OBR at 367–369, 441 N.E.2d at 1129–1130. Generally there is no due process right to discovery in administrative hearing cases, and particularly no constitutional right to take depositions. Although this appears to be a matter of first impression in Ohio, the majority of jurisdictions to consider the due process issue have concluded that there is no constitutional due process right to depositions in administrative proceedings. See, *e.g., Chafian v. Alabama Bd. of Chiropractic Examiners* (Ala.App.1994), 647 So.2d 759, 762 ("[t]here is no constitutional right to pre-hearing discovery in administrative proceedings"); *Dente v. New Mexico Taxation & Revenue Dept., Motor Vehicle Div.* (N.M.App. 1997), 124 N.M. 93, 95, 946 P.2d 1104, 1106 ("a party to an administrative proceeding has no constitutional right to pre-hearing discovery, including depositions"); *N.L.R.B. v. Interboro Contractors, Inc.* (C.A.2, 1970), 432 F.2d 854, 857–858 (parties to administrative proceedings are not entitled to discovery depositions as a matter of constitutional right); *Huntsville Mem. Hosp. v. Ernst* (Tex.App.1988), 763 S.W.2d 856, 859 (due process in administrative proceedings mandates notice, a hearing, and an impartial trier of facts, but depositions need not be allowed).

■ A balance of the three factors articulated in *Mathews* weighs against finding a constitutional due process right for an employer to depose physicians who render reports regarding a workers' compensation claimant. First, although an employer has a financial interest at stake that can amount to thousands of dollars, either in direct payment by self-insured employers or in indirect payment by an employer who chooses to participate in the state fund, the amount of money at issue is set by statute pursuant to the Workers' Compensation Act. See R.C. 4123.56, 4123.57, 4123.58 and 4123.59. Second, although cross-examination in deposition could potentially result in a more complete evidentiary record, an employer has an array of other ways to impeach a physician's report. An employer may, for example, submit contradictory reports, it may call witnesses to testify at the administrative hearing, and it may highlight problems with the report in oral argument. Finally, the government's interests in expediting the administrative process to ensure timely payments for meritorious claims and in minimizing burdens on claimants to attend and/or defend depositions outweighs any additional procedural safeguards that the proposed depositions would offer.

■ A review of the facts in the instant action indicates that LTV was given reasonable notice of the hearings at issue. Even without the chance to cross-examine all physicians, LTV also had reasonable opportunity to be heard at the hearings. LTV had the opportunity to review the claimants' experts' reports in advance of the hearings. LTV had the opportunity to submit its own medical and vocational evidence. LTV was represented by counsel at each of the hearings, and there is no indication that LTV's counsel was prevented from arguing any alleged infirmity in the claimants' medical reports. Constitutional procedural due process simply does not afford LTV the additional right to take the depositions it sought. We, therefore, overrule LTV's second assignment of error.

By its third assignment of error, LTV argues that Ohio Adm.Code 4121–3–09(A)(6) unlawfully usurps legislative function because it conflicts with R.C. 4123.09 and imposes unreasonable restrictions on an employer who wants to take a deposition.

Ohio Adm.Code 4121–3–09(A)(6) outlines the "[p]rocedure for obtaining the oral deposition of, or submitting interrogatories to, an industrial commission or bureau physician," including the list of factors that a hearing administrator shall consider "when determining the reasonableness of the request for deposition and interrogatories." LTV contends that this provision of the Ohio Administrative Code runs afoul of R.C. 4123.09, which provides the following:

■ "In claims filed before the industrial commission or the bureau of workers' compensation by injured employees and the dependents of killed employees on account of injury or death sustained by such employees in the

course of their employment, the commission and bureau *may cause* depositions of witnesses residing within or without the state to be taken in the manner prescribed by law for the taking of depositions in civil actions in the court of common pleas." (Emphasis added.)

LTV contends that the administrative rule limits depositions to state physicians and thereby usurps R.C. 4123.09.

LTV's argument fails for a variety of reasons. R.C. 4123.09 merely confers upon the commission and bureau the authority to cause depositions to be taken. It does not, as LTV argues, command the commission to require depositions of any particular witnesses. Indeed, the plain language of R.C. 4123.09 is permissive; it states that the commission *may cause* depositions, not that it *shall cause* them in any particular context. Moreover, the Ohio Supreme Court has concluded, in light of R.C. 4123.09, that "[i]t is the commission's responsibility to formulate the procedure to be followed with regard to motions to depose witnesses in connection with workmen's compensation claims." *State ex rel. Gen. Motors Corp. v. Indus. Comm.* (1976), 47 Ohio St.2d 244, 253, 1 O.O.3d 141, 146, 351 N.E.2d 442, 448. "R.C. 4123.09 vests the Industrial Commission with authority to allow the taking of depositions. It does not require the commission to do so." *Id.* at 251, 1 O.O.3d at 145, 351 N.E.2d at 447.

The permissive nature of R.C. 4123.09 is further bolstered by R.C. 4123.10, which provides the following:

"The industrial commission *shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure,* other than as provided in sections 4123.01 to 4123.94, inclusive, of the Revised Code, but may make an investigation *in such manner as in its judgment is best calculated* to ascertain the substantial rights of the parties and to carry out justly the spirit of such sections." (Emphasis added.)

R.C. 4123.10 demonstrates that (1) the Industrial Commission is not bound by the discovery rules found in the Ohio Rules of Civil Procedure, and (2) the legislature has granted broad discretion to the Industrial Commission to implement its own rules to carry out the provisions of the Workers' Compensation Act. Both of these provisions undermine LTV's argument that R.C. 4123.09 requires the commission to permit depositions.

Finally, "discovery generally as provided by the Rules of Civil Procedure in court proceedings is not available in administrative proceedings." *Bell v. State Med. Bd. of Ohio* (June 13, 1986), Lucas App. No. L–85–441, unreported, 1986 WL 6698. "The extent of discovery that a party engaged in an administrative hearing is entitled to is primarily determined by the particular agency." *Id.*

Ohio Adm.Code 4121–3–09 is not in clear conflict with R.C. 4123.09. Moreover, Ohio Adm.Code 4121–3–09, which outlines the guidelines to obtain the depositions of state physicians, comports with the broad authority vested in the Industrial Commission by R.C. 4123.10, and with the general rule that an administrative agency has broad discretion to fashion its own discovery rules. We therefore conclude that the Ohio Administrative Code does not run afoul of R.C. 4123.09, and we overrule LTV's third assignment of error.

In its fourth assignment of error, LTV argues that, as applied to the four workers' compensation claims at issue, Ohio Adm.Code 4121–3–09 deprived LTV of its due process rights to confront and cross-examine witnesses. Because we have already concluded that LTV had no constitutional due process rights to take the depositions it requested, we overrule as moot LTV's fourth assignment of error. As to whether the Industrial Commission abused its discretion in denying LTV's requests for depositions, LTV's redress is through a mandamus action, not the instant action for declaratory judgment. See *State ex. rel. Fenske v. McGovern* (1984), 11 Ohio St.3d 129, 131, 11 OBR 426, 427–428, 464 N.E.2d 525, 528–529.

By its fifth assignment of error, LTV contends that, as written and applied, Ohio Adm.Code 4121–3–09(A)(6) violated its constitutional right to equal protection of the law because the rule imposes more requirements on employers who seek depositions of state physicians than on claimants who seek depositions of state physicians.

The Equal Protection Clauses of the Ohio and United States Constitutions prevent the government "from treating people differently under its laws on an arbitrary basis." *State v. Williams* (2000), 88 Ohio St.3d 513, 530, 728 N.E.2d 342, 359. Under an equal protection analysis, an administrative code section is subject to a rational basis analysis, and "distinctions are invalidated only where 'they are based solely on reasons totally unrelated to the pursuit of the State's goals and only if no grounds can be conceived to justify them.'" *Id.* See *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.* (June 21, 1990), Franklin App. No. 88AP–1034, unreported, 1990 WL 85136.

"This rational basis analysis is discarded for a higher level of scrutiny only where the challenged [provision] involves a suspect class or a fundamental constitutional right." *Williams*, at 530, 728 N.E.2d at 359. "A suspect class is one 'saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process.'" *Id.* Employers are not a suspect class. Nor does the rule at issue regarding depositions implicate a fundamental right. "Recognized fundamental rights

include the right to vote, the right of interstate travel, rights guaranteed by the First Amendment to the United States Constitution, the right to procreate, and other rights of a uniquely personal nature." *Id.* Because Ohio Adm.Code 4121–3–09 involves neither a suspect class nor a fundamental constitutional right, we apply a rational basis analysis.

 Under the rational basis standard, "the challenger must negative every conceivable basis [for the distinction] before an equal protection challenge will be upheld." *Id.* at 531, 728 N.E.2d at 360. The provision at issue in the instant matter draws the following distinction between employers and claimants with regard to the procedure for obtaining depositions of state physicians:

"* * * If the request is made by an employer the hearing administrator shall also determine whether the relied-upon medical report(s) considered non-allowed conditions." Ohio Adm.Code 4121–3–09(A)(6)(c)(iii)(d). We conclude that there is a rational basis for the distinction at issue.

The challenged portion of the administrative rule pertains to a factor that would ordinarily motivate an employer, not a claimant, to request a deposition. A claimant would have little reason to request a deposition of a physician who argues in favor of a determination of disability on the basis of a non-allowed condition, as such a position would not impair a claimant's application. A determination of disability based on a non-allowed condition, however, may provide an employer with a reason to request a deposition, and the rule simply allows the hearing officer to consider this factor. None of the factors listed in Ohio Adm.Code 4121–3–09(6)(d) is necessarily determinative of whether the request to take the deposition is deemed reasonable. Indeed, the extra factor that a hearing officer considers when considering a request by an employer to take a deposition may provide the hearing officer an additional basis, not an additional obstacle, to determine that an employer's deposition request is reasonable. The distinction, grounded in practicality, passes the relevant constitutional test. We therefore overrule LTV's fifth assignment of error.

For the foregoing reasons, LTV's first assignment of error is sustained, LTV's second, third and fifth assignments of error are overruled, and LTV's fourth assignment of error is overruled as moot. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LAZARUS and KENNEDY, JJ., concur.