DECISION
Charles J. Oswalt, plaintiff-appellant, appeals a decision of the Franklin County Court of Common Pleas granting a motion to dismiss appellant's complaint in favor of the Ohio Adult Parole Authority, defendant-appellee.
On November 20, 2000, appellant filed a complaint for declaratory judgment with the trial court. In his complaint, appellant claimed appellee violated his rights under Section 5, Article I, Ohio Constitution "when they utilized Parole Board Guidelines to exceed the term of imprisonment imposed by a sentence of conviction and unlawfully increased the quantum of punishment as rendered by existing statute ***." At the time appellant filed his complaint he was serving a sentence for voluntary manslaughter and gross abuse of a corpse. See State v. Oswalt (July 14, 1989), Richland App. No. CA-2613, unreported, appeal dismissed, 47 Ohio St.3d 702. Appellant was found guilty by a jury for those offenses and not guilty of murder as alleged in his indictment.
In his complaint, appellant stated he appeared before appellee on August 18, 1998 for parole consideration. Appellee determined appellant was a category 9 offender with a risk of recidivism score of zero. Appellant stated that this was "the proper offense category for voluntary manslaughter," which would allow him to be eligible for parole after he had served eighty-four to one hundred twenty months in prison. At the time of this determination, appellant claims he had already served one hundred twenty-two months. Appellant's complaint further stated:
 Although [appellant] was serving time after a judgment of a conviction for a lesser included offense then [sic] the crime charged in the indictment, [appellee] indicated the [appellant's] crime was more serious then the judgment which binds the [appellee] for the crime of conviction and therefore designated an upward departure in [appellant's] guideline three categories to offense category twelve (12).
 Category twelve (12) is the offense seriousness category for murder, a charge that [appellant's] jury, having advantage of hearing testimony and the ability to review evidence, elected not to assess guilt for, and further carries a penalty of 240 to 300 months.
On January 11, 2001, appellee filed a motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6). Appellee argued that an "inmate has no constitutional right to release prior to the expiration of a valid sentence." Appellee claims appellant's complaint should be dismissed since appellant "is not statutorily entitled to parole, it follows that he is not entitled to placement in a particular guideline category."
On February 28, 2001, the trial court granted appellee's motion to dismiss. The court found appellant did not have a right to parole, and, therefore, appellant failed to state a claim upon which relief could be granted. The court stated that "even if [appellant] were placed in the proper category, the [appellee] still has the right not to grant parole. The [appellant] gives no substantive argument to the Court that would lead the Court to believe that ordering this declaratory judgment would somehow give the [appellant] some relief." Appellant appeals the trial court's decision and presents the following assignment of error:
 THE PLAINTIFF-APPELLANT'S COMPLAINT FOR DECLARATORY JUDGMENT TO THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO WAS IMPROPERLY DISMISSED BECAUSE:
 THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO CIV. R 12(b)(6), IN CLAIMING THE DECLARATORY JUDGMENT ACT WAS A NON-REMEDY FOR HIS CLAIMS[.]
 THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER THAT THE OAPA CHANGED THE APPELLANT'S STATUTORY MINIMUM PAROLE ELIGIBILITY WHEN IT RAISED HIS GUIDELINE OFFENSE[.]
 THE LOWER COURT ERRED IN FAILING TO RECOGNIZE THAT A LAWFUL JUDGMENT OF THE COURT IS CONTRACTUAL IN NATURE AND SUBJECT TO DECLARATORY JUDGMENT AS A REMEDY[.]
Appellant argues in his assignment of error that the trial court erred when it dismissed his complaint because: (1) declaratory judgment was a remedy for appellant's claims; (2) the court failed to consider that appellee changed statutory minimum parole eligibility guidelines; and (3) the court failed to recognize the contractual nature of appellant's conviction.
A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available. Aust v. Ohio State Dental Bd. (2000), 136 Ohio App.3d 677, 681. "The essential elements for declaratory relief are (1) a real controversy exists between the parties; (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." Id.
According to Civ.R. 12(B)(6), a defendant in a civil action may, by motion, request that an action be dismissed because the plaintiff failed to state a claim upon which relief can be granted. Davis v. Ghee (Sept. 18, 2001), Franklin App. No. 01AP-280, unreported. Dismissal of a claim pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Crestmont Cleveland Partnership v. Ohio Dept. of Health (2000), 139 Ohio App.3d 928, 936. In construing a complaint upon a motion to dismiss for failure to state a claim, the court must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. Aust, at 681. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments contained in the complaint. State ex rel. Plaza Interiors, Inc. v. Warrenville Hts. (May 24, 2001), Cuyahoga App. No. 78267, unreported. Appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6) is de novo. Crestmont, at 936.
According to appellant's complaint, appellee denied appellant's rights under the Ohio Constitution when it determined that appellant should be placed in an offense category corresponding to murder as opposed to an offense category corresponding with appellant's jury convictions. Section 5, Article I, Ohio Constitution provides that the "right of trial by jury shall be inviolate." The trial court dismissed appellant's complaint stating that appellant had no "statutory right to parole, or to be placed in a particular guideline category ***." In effect, the trial court found appellee could place appellant in any guideline category, even a category that did not correspond with appellant's jury convictions. We disagree.
"[R]ules promulgated by an administrative agency have the force and effect of law unless they are unreasonable or are in conflict with related statutes enacted by the General Assembly." Ohio Academy of Nursing Homes, Inc. v. Barry (1990), 56 Ohio St.3d 120, 127. "Therefore, it is axiomatic that administrative agency rules, just as statues, must have a reasonable relation to a proper legislative purpose and be neither arbitrary nor discriminatory in their effect." Id. Due process rights guaranteed by Section 16, Article I, Ohio Constitution apply, to some extent, in the context of administrative law. LTV Steel Co. v. Indus. Comm. of Ohio (2000), 140 Ohio App.3d 680, 688.
In Lee v. Ohio Adult Parole Auth. (Aug. 31, 2001), Montgomery App. No. 18833, unreported, the Second Appellate District of Ohio found that appellee "must apply the correct offense category when it begins the parole decision-making process." Appellee "should place inmates in the appropriate offense seriousness category and guideline range, based on the crime of conviction, not the crime for which the inmate may have been indicted." Id., following Randolph v. Ohio Adult Parole Auth. (Jan. 21, 2000), Miami App. No. 99 CA 17, unreported.
The appellate court further found that appellee's "use of the parole guidelines violated due process." Lee, supra. "We believe the guidelines are arbitrary and irrational when interpreted to mean that an offender's `current offense' is a crime other than the crime of conviction. Instead, the crime of conviction must be the starting point on the grid." Id. In Lee, the appellate court agreed with the following statement made by a magistrate reviewing the case:
 By use of this system, the state is getting a result indirectly that it could not get directly.
 Use of the [appellee's] theory is very dangerous. It virtually eliminates the constitutional safeguards that are designed to protect the liberty of the accused. The state is treating the person as being convicted of what the state alleged without having to prove it beyond a reasonable doubt at trial. In this case, the Plaintiff's actual conviction of involuntary manslaughter is ignored. It is as if that never happened.
The appellate court clarified that "this does not mean that the [appellee] is prevented from considering the facts and circumstances of the crime when deciding if an inmate is a suitable parole risk." Id.
We agree with the Second Appellate District of Ohio. Appellee may not arbitrarily determine which parole category should be applied to appellant. The discretionary nature of parole decisions does not give appellee the right to arbitrarily determine which offense category appellant should be placed in without due regard to its own regulations and the decision of the jury convicting appellant. "[E]ven though the [appellee] may be entitled to decide that [appellant] should serve the maximum sentence given to him by the trial court based upon circumstances it is free to consider, it should still place him in the appropriate offense seriousness category and guideline range in beginning its decision-making process as to his eventual release." Givens v. Ohio Adult Parole Auth. (Sept. 22, 2000), Clark App. No. 2000 CA 35, unreported.
Accordingly, we find that a real controversy exists between the parties and that the controversy is justiciable in character. Since appellant is currently serving his prison term, we find speedy relief may be necessary to preserve appellant's controversy. Davis, supra. Therefore, after presuming all of the factual allegations in appellant's complaint as true and making all reasonable inferences in favor of appellant, we find that the trial court erred when it granted appellee's motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6). Accordingly, appellant's assignment of error is sustained, the decision of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for further proceedings consistent with this decision.
Judgment reversed and case remanded.
DESHLER, J., and BRYANT, P.J., concur.