OPINION
{¶ 1} On August 27, 2003, appellee, the Ohio Department of Commerce, Division of Real Estate and Professional Licensing ("the Division"), sent a notification of formal hearing to appellant, iNest Realty, Inc., alleging that appellant violated R.C. 4735.18(A)(6), as it incorporates R.C. 4735.16(A), by failing to maintain a place of business in Ohio and violated R.C. 4735.18(A)(6) by failing to cooperate and assist the Division with a compliance audit in May 2003. A formal hearing was conducted on October 27, 2003, and the hearing examiner recommended that the Ohio Real Estate Commission ("the Commission") conclude that appellant committed misconduct in violation of R.C. 4735.18(A)(6) for failing to maintain a place of business and that the charge that appellant failed to cooperate and assist the Division with a compliance audit in May 2003 be dismissed.
 {¶ 2} After appellant filed objections, the Commission adopted the findings of fact, conclusions of law and discussion of the hearing examiner as its opinion and found that appellant violated R.C.4735.18(A)(6), as that section incorporates R.C. 4735.16(A), and fined appellant $1,000. Appellant filed a notice of appeal pursuant to R.C.119.12, and the common pleas court affirmed the Commission's order. Appellant filed a notice of appeal and raises the following five assignments of error:
First Assignment of Error: The imposition of disciplinary sanctions against Appellant/Respondent iNest violates the procedural due process guarantee of the Federal Constitution and the Ohio Constitution. The holding of the Court of Common Pleas affirming the imposition of sanctions must therefore be reversed.
Second Assignment of Error: The Court of Common Pleas abused its discretion in holding that the decision of the Commission was not arbitrary, capricious and contrary to law. As a result, the ruling of the Court of Common Pleas must be reversed and the disciplinary sanctions imposed against Appellant/Respondent iNest must be vacated.
Third Assignment of Error: The Court of Common Pleas abused its discretion in holding that the decision of the Commission was supported by reliable, probative and substantial evidence. As a result, the ruling of the Court of Common Pleas must be reversed and the disciplinary sanctions imposed against Appellant/Respondent iNest must be vacated.
Fourth Assignment of Error: The Court of Common Pleas abused its discretion in striking evidence favorable to Appellant/Respondent iNest which had been properly admitted in the administrative proceedings. As a result, the ruling of the Court of Common Pleas must be reversed and the disciplinary sanctions imposed against Appellant/Respondent iNest must be vacated.
Fifth Assignment of Error: The Court of Common Pleas abused its discretion in overruling Appellant/Respondent iNest's Motion to Admit Newly Discovered Evidence. As a result, the ruling of the Court of Common Pleas must be reversed and the disciplinary sanctions imposed against Appellant/Respondent iNest must be vacated.
 {¶ 3} At the hearing, Alice Blackburn, an investigator with the Division, testified that she conducts compliance audits and investigates complaints against licensees. Blackburn stated that iNest was initially licensed in Ohio on December 20, 2002. She attempted to schedule a compliance audit on May 14, 2003, but after speaking with Andrew Wolf, the president and founder of iNest, she learned that iNest was moving its office from 1056 Eagle Drive in Akron to Cincinnati. They agreed that Wolf would call Blackburn when the move was completed to schedule the compliance audit. Since Blackburn was in Akron conducting audits on May 14, she went to 1056 Eagle Drive, Suite 803, appellant's business address, to verify the existence of a physical location or the business address. When Blackburn arrived, she found it was a gated apartment complex; however, she was able to gain access to the outside of the apartment. There was no sign on the outside of the apartment indicating that it was a brokerage company.
 {¶ 4} Blackburn testified it is the Division's general practice to initiate an audit with a telephone call to arrange an appointment. After an appointment has been arranged, the Division faxes a letter to the licensee to confirm the scheduling of the audit and to provide information that the investigator will be examining. However, since an audit had not been scheduled in this case, no letter with the information that the investigator would be examining was sent to appellant.
 {¶ 5} Blackburn testified that she checked with the Summit County Auditor's Office to identify the owner of the property and determined that Michael and Tatyana Ioffe lived there, who are relatives of appellant's broker, Dmitriy Selektor. Blackburn also stated that state's Exhibit F was a change application whereby the address of appellant's principal place of business was changed from Akron to 1192 Apple Hill Road in Cincinnati, which was the residence of Susan Bunch, appellant's salesperson. The application was signed on May 19, 2003, and received by the Division on May 22, 2003.
 {¶ 6} Andrew Wolf, the president and founder of iNest, testified at the hearing that iNest is an on-line real estate brokerage that focuses and specializes on matching builders and buyers of newly constructed homes and is licensed in approximately 20 states. After the sale of a home, the homebuilder pays iNest a fee. Wolf's personal notes from the telephone conversation with Blackburn indicate that a brokerage can be located in a personal residence but there must be a sign on the door. Wolf testified that he did not contact Blackburn after the office move from Akron to Cincinnati was completed because he believed that Mr. Selektor or Susan Bunch, the sales representative, were going to arrange the audit date. He admitted that it was an oversight.
 {¶ 7} Dmitriy Selektor, an iNest broker, testified he resides in West Bloomfield, Michigan as reflected on his broker's application. The Akron address was never intended to be a permanent address for the iNest brokerage because the intention was to find a resident agent and use the agent's address. No business activity was anticipated at the Akron office because of the nature of iNest's internet business. Only two pieces of mail were received at the address and the Ioffes had forwarded the mail to him. Selektor testified that he discussed the need for a sign with the Ioffes but he had not been to the location to determine if there was a sign.
 {¶ 8} R.C. 119.12 provides the standard of review for the common pleas court as follows:
The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.
 {¶ 9} In Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261, the Supreme Court of Ohio set forth the standard of review for an appellate court as follows:
In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion * * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." State, exrel. Commercial Lovelace Motor Freight, Inc., v. Lancaster (1986),22 Ohio St.3d 191, 193 * * *. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See Rohde v. Farmer (1970), 23 Ohio St.2d 82 * * *.
The fact that the court of appeals, or this court, might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.
 {¶ 10} On questions of law, however, the common pleas court does not exercise discretion and the court of appeals review is plenary. Univ.Hosp., Univ. of Cincinnati College of Medicine v. State Emp. RelationsBd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus.
 {¶ 11} By the first assignment of error, appellant contends that the imposition of disciplinary sanctions against appellant violates the procedural due process guarantee of the Federal Constitution and the Ohio Constitution. Appellant argues that this case constitutes a violation of the procedural due process guarantees because the Division has an established practice of assisting licensees in preparing for audits by providing advance notice of the date and time of the audit, including a copy of the Audit Guidelines/Checklist, which explained the items to be examined during an audit. Appellant also argues that it is the standard practice to provide each licensee the opportunity to correct any deficiency noted during the audit. Appellant contends that the common pleas court abused its discretion in finding that the materiality of the Audit Guidelines/Checklist was not established by the record and in finding that the Division did not have a legal obligation to provide the Audit Guidelines/Checklist.
 {¶ 12} Due process rights guaranteed by the United States and Ohio Constitutions apply to some extent in administrative proceedings. LTVSteel Co. v. Indus. Comm. (2000), 140 Ohio App.3d 680, 688. "However, due process is a flexible concept and calls for such procedural safeguards as the particular situation demands." Id. at 688-689. "The fundamental requirement of procedural due process is notice and hearing, that is, an opportunity to be heard." Korn v. Ohio State Medical Bd.
(1988), 61 Ohio App.3d 677, 684, citing Luff v. State (1927),117 Ohio St. 102. The Eighth District Court of Appeals has stated: "Due process mandates that prior to an administrative action which results in a deprivation of an individual's liberty or property, the governmental agency must afford that individual reasonable notice and opportunity to be heard." (Emphasis sic.) Alcover v. Ohio State Med. Bd. (Dec. 10, 1987), Cuyahoga App. No. 54292. In this case, before disciplinary action was taken, appellant was notified of the charges and the administrative hearing date. An administrative hearing was held, at which appellant appeared and presented witnesses. Appellant was provided with due process.
 {¶ 13} Appellant contends that the Division denied its procedural due process rights because the Division has an established practice of assisting licensees in preparing for audits by providing advance notice of the date and time of the audit, including a copy of the Audit Guidelines/Checklist, which explained the items to be examined during an audit. Appellant contends that the common pleas court abused its discretion in finding that the materiality of the Audit Guidelines/Checklist was not established by the record and in finding that the Division did not have a legal obligation to provide the Audit Guidelines/Checklist. The Division found that the visit to appellant's business address on May 14, 2003, was not a compliance audit, and appellant, therefore, had no right to the Audit Guidelines/Checklist.
 {¶ 14} Blackburn testified that she did not conduct an audit on May 14, 2003, and only checked appellant's business address. The audit was postponed at appellant's request. Wolf testified that the audit was postponed until after the move to Cincinnati and he was to call Blackburn after the move was completed to reschedule the audit. Blackburn testified that the Division's procedure was to send the confirmation and compliance audit checklist after an audit was scheduled. Since no audit was scheduled in this case, the Division did not send the checklist but did not violate appellant's due process rights since it followed its normal procedure.
 {¶ 15} Appellant also argues that it is the standard practice to provide each licensee the opportunity to correct any deficiency noted during the audit and appellant did not receive such opportunity. Again, this argument is irrelevant since no audit was conducted in this case. The common pleas court did not abuse its discretion in finding that the May 14, 2003 visit to appellant's business location did not constitute a compliance audit and, therefore, appellant's procedural due process rights were not violated when the Audit Guidelines/Checklist was not provided to appellant. Appellant's first assignment of error is not well-taken.
 {¶ 16} The second and third assignments of error are related and shall be addressed together. By the second assignment of error, appellant contends that the common pleas court abused its discretion in holding that the decision of the Commission was not arbitrary, capricious and contrary to law. By the third assignment of error, appellant contends that the common pleas court abused its discretion in holding that the decision of the Commission was supported by reliable, probative and substantial evidence.
 {¶ 17} Appellant argues that the Commission acted arbitrarily and capriciously in failing to review its file and determine whether or not the Audit Guidelines/Checklist had been sent to appellant. Appellant also argues that the common pleas court abused its discretion in finding that no constitutional violation occurred. As discussed in the first assignment of error, the common pleas court did not abuse its discretion in finding that the May 14, 2003 visit to appellant's business location did not constitute a compliance audit and, therefore, appellant's procedural due process rights were not violated when the Audit Guidelines/Checklist was not provided to appellant.
 {¶ 18} Pursuant to R.C. 4735.18(A) the Superintendent of Real Estate may investigate the conduct of any real estate licensee, and the Ohio Real Estate Commission is empowered to determine whether the acts of a broker constitute misconduct. The Commission may impose disciplinary sanctions upon any licensee who is found guilty of dishonest or illegal dealing, gross negligence, incompetency, or misconduct. R.C. 4735.16(A) provides, in pertinent part, as follows:
Every real estate broker licensed under this chapter shall have and maintain a definite place of business in this state and shall erect or maintain a sign on the premises plainly stating that the licensee is a real estate broker. * * *
 {¶ 19} In this case, there was clearly evidence that appellant did not have a sign on the outside of the apartment at 1056 Eagle Drive in Akron. Blackburn testified that she was physically at the location and did not see a sign. Selektor testified that he knew a sign was required and he discussed this requirement with the Ioffes but he had never been to the location to determine if there was one. This evidence is reliable, probative and substantial evidence that appellant violated R.C. 4735.16(A) by not displaying a sign. The common pleas court must give due deference to the agency's resolution of evidentiary conflicts.Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111.
 {¶ 20} Appellant also argues that the sign can be displayed inside the office and since Blackburn did not enter the office, there was no evidence that a sign was not displayed. The language of the statute requires a sign be erected or maintained "on the premises." The Commission interpreted this language to mean a sign identifying the place of business on the outside of the premises.
 {¶ 21} The Commission may rely on its own expertise in determining if the licensee violated the laws, rules or standards of the industry.Vradenburg v. Ohio Real Estate Commission (1982), 8 Ohio App.3d 102,104. A real estate broker is required to have a distinctly designated place of business. See R.C. 4735.16(A); Wolf v. Hyman (1957),104 Ohio App. 32, 35. Courts generally give deference to an administrative agency's reasonable interpretation of a legislative scheme. Northwestern Ohio Bldg. Constr. Trades Council v. Conrad
(2001), 92 Ohio St.3d 282, 287. Not only does the Commission have the authority to interpret the legislative scheme, but also the authority to determine whether a licensee's conduct constitutes misconduct within the meaning of R.C. 4735.18. Misconduct includes conduct which is contrary to law. Richard T. Kiko Agency, Inc. v. Ohio Dept. of Commerce, Div. of RealEstate (1990), 48 Ohio St.3d 74, paragraph two of the syllabus. There was no dispute that there was no sign outside the premises and a sign is required by R.C. 4735.16(A). Thus, the Commission's order is supported by reliable, probative and substantial evidence and is accordance with law. Appellant's second and third assignments of error are not well-taken.
 {¶ 22} By the fourth assignment of error, appellant contends that the common pleas court abused its discretion in striking evidence favorable to appellant which had been properly admitted in the administrative proceedings. Appellant argues that the common pleas court erred in striking the Audit Guidelines/Checklist, transcripts of two telephone messages left with appellant by Blackburn, and digital recordings of the messages which were submitted as exhibits to appellant's objections to the Hearing Examiner's Report and included as an appendix to appellant's brief to the common pleas court. We have already determined that the Audit Guidelines/Checklist is irrelevant because the May 14, 2003 visit by Blackburn was not an audit. Similarly, transcripts of two telephone messages left with appellant by Blackburn and digital recordings of the messages to schedule an audit are not relevant. Thus, even if the common pleas court erred in striking the evidence, any such error is harmless because the evidence is irrelevant. Appellant's fourth assignment of error is not well-taken.
 {¶ 23} By the fifth assignment of error, appellant contends that the common pleas court abused its discretion in overruling appellant's motion to admit newly discovered evidence. Appellant filed a motion to admit newly discovered evidence for the court to permit it to subpoena the Division's file to determine whether a copy of the Audit Guidelines/Checklist were sent to appellant and to permit appellant to present such evidence at the hearing. However, as previously stated, we have already determined that the Audit Guidelines/Checklist is irrelevant because the May 14, 2003 visit by Blackburn was not an audit. Thus, the common pleas court did not err in overruling appellant's motion to admit newly discovered evidence and appellant's fifth assignment of error is not well-taken.
 {¶ 24} For the foregoing reasons, appellant's five assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Sadler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.