THE STATE, EX REL. CANTER, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Canter, *v.* Indus. Comm. (1986), 28 Ohio St. 3d 377.]

(No. 86-365—Decided December 26, 1986.)

*Donald M. Colasurd* and *Michael D. Colasurd,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Jenice R. Golson,* for appellees.

*Per Curiam.* In his first proposition of law, appellant argues that "[f]or a pre-1974 injury, the Industrial Commission may not terminate a claimant's temporary total disability benefits on the basis that claimant's injury had become permanent." He contends that "* * * it was an abuse of discretion for the Industrial Commission to terminate his temporary total disability until such time as he either was capable of returning to his former position of employment or he has reached the maximum of $10,750.00, whichever is first."[2]

This argument was resolved in the recent case of *State, ex rel. Kirk,* v. *Owens-Illinois, Inc.* (1986), 25 Ohio St. 3d 360. Although the *Kirk* case involved a later version of R.C. 4123.56, the form of the statute at issue in the present case is almost identical. (The only differences in the two statutes involve the amount of maximum weekly benefits payable, and the duty of the Bureau of Workers' Compensation to offset benefits against other disability insurance the claimant might have.) In *Kirk,* at 362, this court stated: "* * * Former R.C. 4123.56 did not guarantee a claimant a total payment of $10,750 before temporary total disability benefits could be converted into permanent total compensation. The statute merely placed an upper limit on a temporary total award. Temporary total disability benefits could be terminated before the limit was reached by a finding that the claimant's condition had become permanent.* * *"

In the present case, Canter was found to be permanently disabled and his temporary benefits were accordingly canceled. Pursuant to *Kirk,* there is no apparent abuse of discretion. Appellant's first proposition of law accordingly is overruled.

---

[2] Appellant correctly argues that "* * * the law in effect at the time of the injury controls the subsequent disposition of the case, including the award of compensation.* * *" See *State, ex rel. Kirk,* v. *Owens-Illinois, Inc.* (1986), 25 Ohio St. 3d. 360, 361, and the decisions cited therein. At the time of appellant's industrial accident, R.C. 4123.56 read:

"In the case of temporary disability, an employee shall receive sixty-six and two-thirds per cent of his average weekly wage so long as such disability is total, not to exceed a maximum of forty-nine dollars per week, and not less than a minimum of twenty-five dollars per week, unless the employee's wage is less that twenty-five dollars per week, in which event he shall receive compensation equal to his full wages; provided, that for the first twelve weeks of total disability the maximum weekly benefit payable shall be fifty-six dollars per week. In no case shall such benefits exceed ten thousand seven hundred fifty dollars. When the employee is awarded compensation for temporary total disability for a period for which he has received benefits under sections 4141.01 to 4141.46, inclusive, of the Revised Code, an amount equal to the amount so received shall be paid by the industrial commission from said award to the bureau of unemployment compensation and shall be credited by the administrator of the bureau of unemployment compensation to the accounts of the employers to whose accounts the payment of said benefits was charged or is chargeable to the extent it was charged or is chargeable." (130 Ohio Laws 926.)

In his second proposition of law, appellant argues that there was no evidence to support the Industrial Commission's finding denying him temporary total disability benefits.

In their order filed November 12, 1984, the Industrial Commission's staff hearing officers affirmed the regional board's conclusion that appellant's physical infirmity had become permanent. "Further," they said, "the Staff Hearing Officers find that the claimant will never be able to return to his former position of employment based on the 2-1-83 and 10-18-84 reports of Dr. Kackley."

Appellant complains that Dr. Kackley's report of October 18, 1984 "* * * was rendered after the hearing, the * * * [appellant] was not given an opportunity to present further evidence or to rebut Dr. Kackley's opinion, and any order rendered on such an opinion amounts to an *ex parte* hearing.* * *" Appellant contends that the lack of a chance to rebut Dr. Kackley's latest report was a denial of due process of law.

In *Bowman Transportation, Inc.* v. *Arkansas-Best Freight System, Inc.* (1974), 419 U.S. 281, 288, at fn. 4, the Supreme Court stated: "* * * A party is entitled, of course, to know the issues on which [the] decision will turn and to be apprised of the factual material on which the agency relies for decision so that he may rebut it. Indeed, the Due Process Clause forbids an agency to use evidence in a way that forecloses an opportunity to offer a contrary presentation. *Ohio Bell Telephone Co.* v. *Pub. Utilities Comm'n,* 301 U.S. 292 (1937); *United States* v. *Abilene & S. R. Co.,* 265 U.S. 274 (1924).* * *" See, also, *Goldberg* v. *Kelly* (1970), 397 U.S. 254, 267-268. Thus, Dr. Kackley's report of October 18, 1984 could not be considered by the Industrial Commission's staff hearing officers without contravening appellant's constitutional rights.

Should the report of October 18, 1984 be disregarded, however, the question persists as to whether there was admissible evidence remaining to support the order rendered in this case.

The staff hearing officers, in their order, also cited Dr. Kackley's medical report of February 1, 1983. In that report, Dr. Kackley noted the appellant's affliction with "degenerative disc disease of the lumbar spine" and concluded that "* * * 16 years post-injury would hardly be considered temporary. *He is not capable of returning to his previous type of work activity.* * *" (Emphasis added.) Dr. Kackley further opined that "* * * any degree of permanent impairment would in my mind be moderate in amount and would represent *complete loss of low back reserve.* This would account for approximately 50 percent PPI [permanent partial impairment]. However, as mentioned above, if an opinion of impairment, based upon the *Ramirez* guidelines is to be submitted, I would have to consider him as TTI [temporarily totally impaired]."[3] (Emphasis added.)

---

[3] The opinion of Dr. Kackley notwithstanding, the guidelines set down by this court in

Dr. Kackley's statements that appellant is not capable of resuming his former employment and that he suffers a "complete loss of low back reserve" are particularly telling because appellant's usual occupation was that of a power shovel operator and maintenance mechanic. It is unlikely that he could return to the duties associated with these occupations without a strong back. It seems to be clear—based on Dr. Kackley's report of February 1, 1983 alone—that the staff hearing officers could find appellant's disability to be permanent.[4]

Appellant relies on the medical report of Dr. Ridgway to bolster his argument that his disability is only temporary. Dr. Ridgway estimated that appellant would be able to return to work on April 19, 1985, although the doctor felt that "* * * this patient is unable to work at this time * * *." Dr. Ridgway also observed that "[p]atient has difficulty even in a sitting position," and his "* * * [p]ain is becoming more severe at this point of time.* * *"

The jurisdiction of the Industrial Commission includes the duty to decide disputed issues of fact. It is within the power of the commission to weigh and determine the credibility of the evidence before it. *State, ex rel. Hudson,* v. *Indus. Comm.* (1984), 12 Ohio St. 3d 169, 170. As stated in *State, ex rel. Kirk,* v. *Indus. Comm., supra,* at 363: "We cannot say the Industrial Commission abuses its discretion when it assigns whatever weight it sees fit to the doctor's reports before it, as long as those reports comply with proper evidentiary standards."

In the present case, the reports of either Dr. Kackley or Dr. Ridgway could serve as a basis for the decision of the staff hearing officers. The fact that they found Dr. Kackley's reports more credible and adopted a finding based on the conclusions reached by him does not constitute an abuse of discretion. Appellant's second proposition of law is therefore overruled.

---

*State, ex rel. Ramirez,* v. *Indus. Comm., supra,* are not applicable because that case interprets R.C. 4123.56 as it appears in its present form. See *State, ex rel. Kirk,* v. *Owens-Illinois, Inc., supra,* at 361, fn. 1.

[4] Appellant, in another attack on Dr. Kackley's report, alludes to a joint resolution of the Industrial Commission and the Bureau of Workers' Compensation and avers that it "* * * specifically requires that, prior to a physician['s] rendering an opinion as to whether the claimant can return to his former position of employment, the physician shall consider the groups of tasks and responsibilities making up the duties of the claimant's occupation." Appellant argues that "Dr. Kackley failed to do such, and nowhere in his report does he mention that he had any indication whatsoever as to what the job duties and responsibilities of the Relator actually were." This contention has no merit for two reasons. First, the joint resolution is predicated on *State, ex rel. Ramirez,* v. *Indus. Comm., supra,* which, as stated previously, is inapposite to the present case. See fn. 3 above. Second, Dr. Kackley, in the "history" section of his report, specifically mentions that appellant worked "as a maintenance mechanic up until 1980 * * *." The doctor therefore was aware of appellant's occupation and did consider it.

In light of all the foregoing, the judgment of the court of appeals is affirmed and the writ of mandamus is denied.

*Judgment affirmed*
*and writ denied.*

CELEBREZZE, C.J., SWEENEY, LOCHER and C. BROWN, JJ., concur.

HOLMES, DOUGLAS and WRIGHT, JJ., concur in judgment only.