THE STATE, EX REL. BURNSWORTH, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Burnsworth, *v.* Indus. Comm. (1990),
52 Ohio St. 3d 259.]

(No. 86-1210—Submitted May 8, 1990—Decided July 18, 1990.)

*Agee, Clymer & Morgan Co., L.P.A.,* and *Phillip J. Fulton,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Jeffery W. Clark,* for appellee.

*Per Curiam.* Temporary total disability compensation eligibility is established where a temporary injury-induced disability prevents a non-working claimant from returning to his or her former position of employment. *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586. In the case at bar, the commission found no evidence supporting appellant's alleged temporary total disability. We agree.

Dr. Showalter's report and Dr. DiMauro's March 17, 1983 and August 31, 1983 reports do not support temporary total disability since they do not state that appellant could not resume his former duties. Dr. DiMauro's January 31, 1984 opinion, on the other hand, indicates that appellant could not return at that time, but does not attribute that inability to a temporary disability. Given a contemporaneous opportunity to specifically indicate a period of temporary disability, Dr. DiMauro declined to do so.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.