The STATE ex rel. B.F. GOODRICH COMPANY

v.

INDUSTRIAL COMMISSION OF OHIO et al.

[Cite as State ex rel. B.F. Goodrich Co. v. Indus. Comm. (1991), 73 Ohio App.3d 271.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–683.

Decided April 23, 1991.

*Vorys, Sater, Seymour & Pease, Julianne Pistone, Julie M. Larson* and *Bradley K. Sinnott,* for relator.

*Lee I. Fisher,* Attorney General, *Dennis L. Hufstader* and *Peter E. DeMarco,* for respondent Industrial Commission of Ohio.

*Sheerer & Pitts Co.,* L.P.A., and *Thomas R. Pitts,* for respondent Roger Simmons.

STRAUSBAUGH, Judge.

This is an original action filed by relator, B.F. Goodrich Company, requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting temporary total disability compensation to respondent-claimant Roger Simmons and instead to issue an order denying such compensation on the basis that the commission had violated relator's rights to due process.

Respondent-claimant ("claimant") was injured on January 22, 1979, during the course of his employment with relator. Claimant's claim was originally allowed for "resolving lumbosacral strain with no radiculitis" and was further allowed for "left sacroiliac joint dysfunction." Subsequently, claimant was found to have a twenty-five percent permanent partial impairment. On October 27, 1987, claimant filed a C–85–A application in order to reactivate his claim. On the application form, claimant's only request was for the payment of medical services. Claimant's attending physician indicated on the submitted form that claimant's estimated date for return to work would be approximately May 1988. On February 2, 1988, relator received a notice of hearing set for February 23, 1988, which indicated that the question to be heard would be "C–85–A for medical service."

At the February 23, 1988 hearing before the district hearing officer, claimant submitted a second C–85–A application to reactivate his claim, indicating a request for temporary total disability compensation for the period from October 16, 1987 to May 1, 1988. On this form, claimant's physician estimated that claimant would be able to return to work on August 1, 1988.

On February 23, 1988, a hearing was held before a district hearing officer who issued an order allowing claimant's C–85–A application for medical treatment which had been rendered, further medical treatment, and a change of physician. The district hearing officer's order denied claimant's request to amend his C–85–A application to include payment of temporary total disability compensation.

On June 20, 1988, claimant's appeal was heard by the Canton Regional Board of Review, which affirmed the district hearing officer's order. On December 16, 1988, two staff hearing officers of the commission heard claimant's appeal from the regional board's order, and issued an order modifying the regional board's order allowing for the first time the payment of temporary total disability compensation for the period of October 16, 1987 to June 30, 1988. On March 6, 1989, relator filed a motion for reconsideration of the staff hearing officers' order, which was granted by the commission on September 12, 1989. On November 29, 1989, relator's motion for reconsideration was heard before two new staff hearing officers, who issued an order stating in part:

"It is the finding and order of the Staff Hearing Officers that the Claimant's appeal filed 7–5–88 be granted.

"The employer has alleged lack of notice at the District Hearing Officer hearing that the claimant was alleging Temporary Total. While Block 'C' was not filled in, the physician did fill in Block '7–b' alleging that claimant was unable to return to work until 'approximately 5/88.' The Staff Hearing Officers find that this constitutes sufficient notice to the employer. Furthermore, the employer was orally notified of claimant's allegations at the District Hearing Officer hearing and should have been prepared to argue at the Regional Board of Review and at both Staff Hearing Officer hearings. Finally the employer submitted no evidence as to why, Temporary Total would not be appropriate other than their argument on notice.

"The finding and order is based on the evidence in the file and/or evidence adduced at the hearing."

Relator then commenced the present original action on June 11, 1990, alleging that the commission had abused its discretion by hearing and disposing of an issue with respect to the payment of compensation benefits for which proper notice was not given. Pursuant to Civ.R. 53(C) and Section 13, Loc.R. 11 of the Tenth Appellate District, this matter was then referred to a referee. The referee rendered her report on December 5, 1990, which sets forth certain findings of fact and conclusions of law.

The referee concluded that relator received adequate notice and it was therefore not deprived of its due process rights. The referee reasoned that

relator was put on notice that the issue of temporary total disability compensation was before the commission as early as the first hearing before the district hearing officer when the claimant submitted an amended C–85–A form requesting such compensation. Since relator had the opportunity to present evidence and argument to refute claimant's request for such compensation when subsequent hearings were held before the regional board of review, and two different hearings before two different panels of staff officers, the referee concluded that relator's rights to due process were not violated. The referee also rejected relator's argument that claimant's application should have been dismissed on the basis that the C–85–A form was improperly completed. The referee concluded that while the application form was not as fully completed as would be desirable, there existed no requirement that an application be dismissed for failure of completion of every line of the form. Based upon the foregoing, the referee ultimately concluded that the issuance of a writ of mandamus was not warranted in the present case.

■ Initially, relator objects to the referee's conclusion that it was not denied its rights to due process. As the referee pointed out, the Supreme Court of Ohio has previously recognized that certain due process rights exist before the commission. In *State ex rel. Canter v. Indus. Comm.* (1986), 28 Ohio St.3d 377, 28 OBR 437, 504 N.E.2d 26, the court held:

"In *Bowman Transportation, Inc. v. Arkansas–Best Freight System, Inc.* (1974), 419 U.S. 281, 288 [95 S.Ct. 438, 443, 42 L.Ed.2d 447, 457], at fn. 4, the Supreme Court stated: ' * * * A party is entitled, of course, to know the issues on which [the] decision will turn and to be apprised of the factual material on which the agency relies for decision so that he may rebut it. Indeed, the Due Process Clause forbids an agency to use evidence in a way that forecloses an opportunity to offer a contrary presentation. * * *' * * * " (Citations omitted.) *Id.* at 380, 28 OBR at 439, 504 N.E.2d at 29.

Prior to the Supreme Court's decision in *Canter*, this court also recognized a party's entitlement to certain due process rights before administrative agencies. In *State ex rel. Finley v. Dusty Drilling Co.* (1981), 2 Ohio App.3d 323, 2 OBR 366, 441 N.E.2d 1128, the notice provided to relator set forth the time, date and location of the hearing before the district hearing officer and defined the subject matter of the hearing as "further consideration." This court held in its syllabus:

"1. The Due Process Clause of the Fourteenth Amendment to the United States Constitution is applicable, to some extent, in most administrative hearings.

"2. Procedural due process, as it applies to administrative hearings before the Bureau of Workers' Compensation, includes the right to a reasonable notice of hearing as well as a reasonable opportunity to be heard."

This court ultimately concluded that procedural due process includes not only the right to a reasonable opportunity to be heard, but also includes the right to reasonable notice of the time, date, location, and the subject matter of the hearing. *Id.* at 325, 2 OBR at 368, 441 N.E.2d at 1130.

More recently, in *State ex rel. Butler v. Indus. Comm.* (Jan. 31, 1991), Franklin App. No. 90AP–504, unreported, 1991 WL 10928, this court re-affirmed its decision in *Finley* and concluded that relator was denied procedural due process in the commission's failure to provide notice that the relator's pending motion to depose a commission physician would be heard when her application for permanent and total disability compensation was to be heard before the commission. The commission had mailed a notice of hearing to relator which stated that the question to be heard would be permanent and total disability. However, when the relator's application was heard before the commission, the commission also heard arguments regarding relator's request to depose the physician, and ultimately denied relator's motion to depose. This court concluded that although relator's counsel had conceded that he had argued the merits of the pending motion to depose before the commission, the commission nevertheless had failed to provide relator with reasonable notice that the motion would be considered so as to permit relator an adequate opportunity to prepare evidence or develop arguments on his behalf.

The essence of this court's decisions in *Finley, supra,* and *Butler, supra,* as well as the Supreme Court's pronouncement in *Canter, supra,* is that the failure to provide adequate notice as to the issues to be considered by the commission unfairly prejudiced one of the parties by precluding a reasonable opportunity to be heard regarding the given subject. While this same concern may have existed at the first hearing before the first panel of staff hearing officers, who not only considered the appropriateness of the district hearing officer's refusal to allow claimant to file an amended application but continued to address the merits of claimant's amended application, we believe that such error was subsequently cured. The referee correctly points out that this court has previously held that R.C. 4123.516 places an order pertaining to the subject of an appeal before the commission in all of its aspects. See *State ex rel. Gibson v. Indus. Comm.* (Feb. 24, 1987), Franklin App. No. 85AP–667, unreported, 1987 WL 7102, affirmed on other grounds in *State ex rel. Gibson v. Indus. Comm.* (1988), 39 Ohio St.3d 319, 530 N.E.2d 916. Given this holding, relator was provided with an opportunity to be heard regarding

claimant's entitlement to temporary total disability compensation when the commission granted relator's motion to reconsider and referred the matter to the second panel of staff hearing officers. While relator appears to argue that it was instead entitled to have the matter referred to a district hearing officer, we do not believe that this was required. See *State ex rel. Webb v. Indus. Comm.* (Sept. 26, 1989), Franklin App. No. 88AP–429, unreported, 1989 WL 111002. Although relator elected not to present evidence to refute claimant's request for temporary total disability compensation, it did in fact have the opportunity to do so, which we find in this case precludes the issuance of the extraordinary writ of mandamus.

■ Relator also objects to the referee's report claiming that the C–85–A application form was not fully completed and therefore precludes the award of compensation. However, we agree with the referee's conclusion that the dismissal of a claimant's application for compensation is not mandated for failure to fully complete an application form. While failure to fully complete applications for disability compensation may provide the commission with insufficient information to support the request contained in the application, we are unable to conclude that for that reason alone, dismissal of the request is warranted. Similarly, we agree with the referee that the Supreme Court's decision in *State ex rel. Burnsworth v. Indus. Comm.* (1990), 52 Ohio St.3d 259, 556 N.E.2d 1175, is distinguishable from the present case. Claimant's amended C–85–A application form requesting temporary total disability compensation set forth the specific periods of treatment, as well as the physician's estimation as to when claimant could return to work. Certainly, the C–85–A form submitted by claimant could have been completed in a better manner. However, we cannot find that there exists an abuse of discretion by the commission in awarding temporary total disability compensation.

Based upon the foregoing, relator's objections to the report of the referee are not well-taken and are overruled. We therefore adopt the report of the referee as our own, and conclude that as relator has failed to demonstrate that it is entitled to the issuance of a writ of mandamus, it is hereby denied.

*Objections overruled;*
*writ denied.*

PETREE and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.