THE STATE, EX REL. FINLEY, *v.*
DUSTY DRILLING CO., INC., ET AL.

(No. 80AP-782—Decided July 9, 1981.)

*Barkan & Neff Co., L.P.A.*, and *Mr. Gus Robbins-Penniman,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Bernard C. Fox, Jr.,* for respondents.

STRAUSBAUGH, P.J. This is an original action in mandamus brought by relator, Steven J. Finley, asking this court to vacate an order of the Industrial Commission dated November 13, 1978, finding that relator had been overpaid in the amount of $1,504.72.

An examination of the record in this case indicates that relator suffered an injury to his lower back while in the course of and arising out of his employment with respondent, Dusty Drilling Co., Inc., on May 7, 1976. During the investigation of the claim arising from said injury, relator stated within an affidavit submitted to the Industrial Commission that he had not received any wages or sick leave since the injury. Additionally, Donald J. Finck, office manager for Dusty Drilling Co., Inc., stated that although relator was salaried, relator would not receive sick leave, vacation money or any other such payments during the period relator was absent from work due to the back injury. As a result of a hearing held on January 3, 1978, it was ordered that relator receive temporary total disability for the period from October 29, 1977, to January 15, 1978.

Because respondent, Dusty Drilling Co., Inc., is a closely held corporation and relator is a vice-president of said company, respondent, Bureau of Workers' Compensation, requested on July 20, 1978 that an audit be initiated to determine whether relator did receive wages during the period from October 29, 1977, to January 15, 1978. The audit revealed that

claimant received funds as a "cash advance" and "miscellaneous expense" during the period in question. On November 13, 1978, a hearing was held before a district hearing officer who found that relator had received substantial remuneration and ordered that an overpayment be declared in the amount of $1,504.72.

On January 11, 1979, the Columbus Regional Board of Review affirmed the decision of the district hearing officer and an appeal of that decision was refused by the Industrial Commission. In support of the petition for a writ of mandamus, relator claims that the Industrial Commission's finding of overpayment was an abuse of discretion, there being no evidence that relator received regular wages during the period in question. Relator also claims that the Industrial Commission had no jurisdiction to modify the original award of temporary total disability compensation.

A review of the record, however, raises an issue concerning the procedure invoked by the Industrial Commission for the hearing in which it was determined that relator was overpaid. After the audit of relator's record, relator received a notice of the time, date and location of the hearing in which the issue of whether relator had received wages during the period for which he received temporary total compensation would be heard. Said notice defined the subject matter of the hearing as "further consideration."

There can be no question that the Due Process Clause of the Fourteenth Amendment to the United States Constitution is applicable, to some extent, in most administrative hearings. In the case of *Ohio Bell Tel. Co.* v. *Pub. Util. Comm.* (1937), 301 U.S. 292, at 304-305 the United States Supreme Court discussed the application of procedural due process protections to administrative hearings.

"Regulatory commissions have been invested with broad powers within the sphere of duty assigned to them by law.

Even in quasi-judicial proceedings their informed and expert judgment exacts and receives a proper deference from courts when it has been reached with due submission to constitutional restraints. *West Ohio Gas Co.* v. *Public Utilities Comm'n* (No. 1), *supra,* [294 U.S. 63], p. 70; *West Ohio Gas Co.* v. *Public Utilities Comm'n* (No. 2), 294 U.S. 79; *Los Angeles Gas & Electric Corp.* v. *Railroad Commission,* 289 U.S. 287, 304. Indeed, much that they do within the realm of administrative discretion is exempt from supervision if those restraints have been obeyed. All the more insistent is the need, when power has been bestowed so freely, that the 'inexorable safeguard' (*St. Joseph Stock Yards Co.* v. *United States,* 298 U.S. 38, 73) of a fair and open hearing be maintained in its integrity. *Morgan* v. *United States,* 298 U.S. 468, 480, 481; *Interstate Commerce Comm'n* v. *Louisville & N.R. Co., supra,* [227 U.S. 88]. The right to such a hearing is one of the 'rudiments of fair play' (*Chicago, M. & St. P. Ry. Co.* v. *Polt,* 232 U.S. 165, 168) assured to every litigant by the Fourteenth Amendment as a minimal requirement. *West Ohio Gas Co.* v. *Public Utilities Comm'n* (No. 1), (No. 2), *supra; Brinkerhoff-Faris Co.* v. *Hill,* 281 U.S. 673, 682. Cf. *Norwegian Nitrogen Co.* v. *United States, supra,* [288 U.S. 294]. There can be no compromise on the footing of convenience or expediency, or because of a natural desire to be rid of harassing delay, when that minimal requirement has been neglected or ignored."

Where judicial review of administrative decisions is restricted by the application of the "some evidence" rule, as in this case, care must be taken to see that the administrative procedure invoked·was fundamentally fair. We find that relator was not given proper notice of the November 13, 1978 hearing, in which relator was found to have been overpaid.

Procedural due process includes the right to a reasonable notice of hearing as

well as a reasonable opportunity to be heard. *State, ex rel. Allstate Ins. Co.,* v. *Bowen* (1936), 130 Ohio St. 347 [4 O.O. 427]. A review of the facts in this case indicates that relator was not given reasonable notice of the November 13, 1978 hearing, nor a reasonable opportunity to be heard at said hearing. In giving notice to a party for a hearing an administrative board must do so in a reasonable manner to insure the fairness of the hearing. In this case, relator was reasonably notified of the time, date and location of the November 13, 1978 hearing but not the *subject matter* of said hearing. Certainly relator could have received no hint of the subject matter of said hearing from the term "further consideration." In the absence of such notice relator could not have prepared evidence or developed arguments in opposition to the evidence brought before the staff hearing officer from the audit. As a result, relator was not given a reasonable opportunity to appear at the hearing.

It should be noted that even after receiving notice of the November 13, 1978 hearing, neither relator nor respondent, Dusty Drilling Company, Inc., appeared at said hearing. Such a waiver of the right to appear at the hearing can have no effect in light of the failure of the Industrial Commission to notify them of the subject matter of the hearing.

The importance of the right to have an opportunity to appear at a hearing of the Industrial Commission and present testimony, evidence or argument cannot be denied in light of the discretion properly granted to said agency by the application of the "some evidence" rule upon judicial review. We, therefore, order that the decision of the Industrial Commission be vacated and relator be given an opportunity to appear before the Industrial Commission and present evidence and argument on the issue of whether relator received wages from October 29, 1977, to January 15, 1978. Relator's petition for a writ of mandamus is hereby granted.

*Writ allowed.*

McCormac and Norris, JJ., concur.