The STATE ex rel. LTV STEEL COMPANY

v.

INDUSTRIAL COMMISSION OF OHIO et al.

[Cite as *State ex rel. LTV Steel Co. v. Indus. Comm.* (1995), 102 Ohio App.3d 100.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 93APD10–1486.

Decided March 23, 1995.

---

*Willacy & LoPresti* and *Aubrey B. Willacy,* for relator.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for respondent Industrial Commission of Ohio.

*Brown & Margolius Co., L.P.A.,* and *James Mitchell Brown,* for respondent Wilmore Larry.

PETREE, Judge.

This is an original action filed by relator, LTV Steel Company, requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its October 23, 1992 order granting temporary total disability compensation to respondent-claimant, Wilmore Larry ("claimant"), and to enter an order reimbursing relator from the surplus fund for all sums paid by relator pursuant to the October 23, 1992 order.

On January 31, 1989, claimant, filed an occupational disease claim, alleging that he had acquired "chronic asthmatic bronchitis" in the course of and arising out of his employment as a "coke man" in the steel mills operated by relator. Due to relator's refusal to certify the claim, the question of the claim's allowance was heard by a district hearing officer on May 7, 1989. Ultimately, in an order mailed February 23, 1990, the district hearing officer disallowed claimant's occupational disease claim. Claimant's administrative appeal to the Cleveland Regional Board of Review ("board") was heard on September 18, 1990. On April 12, 1991, the board vacated the district hearing officer's order, allowed the claim and ordered temporary total disability "to be paid upon submission of appropriate medical evidence." On April 24, 1991, relator filed an appeal of the board's order.

On May 7, 1991, claimant filed a motion for an emergency hearing on the issue of temporary total disability. On September 26, 1991, claimant's motion was heard by a district hearing officer, who issued an order denying claimant's temporary total disability compensation request filed May 7, 1991, finding that claimant's disability had become permanent. Claimant filed a notice of appeal from the September 26, 1991 district hearing officer's order to the board.

On September 24, 1992, the commission mailed to the parties notice of an October 23, 1992 hearing. This notice stated that the question to be heard was "appeal" and that the action was requested by the employer on April 24, 1991. No other information pertaining to the subject matter of the hearing was indicated on the notice. Following the October 23, 1992 hearing, two commission staff officers issued the following order:

"It is the finding and order of the Staff Hearing Officers that the Employer's appeal filed 4–24–91 be granted. Temporary Total is ordered paid from 12–9–88 through 9–26–91 based on reports from Drs. Schartz [sic] and C. [sic] Martin. After payment refer to Cleveland Regional Board docket on claimant's appeal filed 10–18–91."

Relator's request for reconsideration of the October 23, 1992 order was denied. Relator then commenced the present action on October 27, 1993, alleging that the commission abused its discretion by ordering it to pay claimant temporary total disability compensation. Pursuant to Civ.R. 53(C) and Section 13, Loc.R. 11 of

the Tenth District Court of Appeals, this matter was then referred to a referee, who rendered a report including findings of fact and conclusions of law.

The referee concluded that because the notice of the October 23, 1992 hearing failed to apprise relator that the subject matter of the hearing would include the question of claimant's entitlement to temporary total disability compensation, relator was deprived of its due process rights and, as a consequence, the commission was without authority to order relator to pay such compensation. The referee reasoned that without specific notice from the commission that the October 23, 1992 hearing would include the question of claimant's entitlement to temporary total disability compensation, relator could reasonably conclude that that issue would be taken up by the board on claimant's administrative appeal. Furthermore, since the commission's notice of the October 23, 1992 hearing simply indicated that the question to be heard was *relator's* appeal, relator could reasonably conclude that the only issue to be taken up at that hearing would be relator's appeal of the claim's allowance. Based on the foregoing, the referee ultimately concluded that because the commission had no authority to address the temporary total disability issue pending before the board without specific notice that the hearing would include that issue, the commission also had no authority to order the payment of temporary total disability compensation. As a result, the referee recommended that this court issue a writ of mandamus ordering the commission to vacate that portion of the October 23, 1992 order awarding temporary total disability compensation for the period December 9, 1988 through September 26, 1991 and to enter an order reimbursing relator from the surplus fund for all sums paid by relator pursuant to that order.

■ Initially, claimant objects to the referee's conclusion that relator was denied its rights to due process, contending that the issue of temporary total disability compensation was properly before the commission at the October 23, 1992 hearing pursuant to relator's appeal of the allowance. Claimant argues that the staff hearing officers had authority not only to consider the question of allowance of the claim, but also had authority to address claimant's entitlement to temporary total disability compensation. As the referee pointed out, this court has previously recognized that the Due Process Clause of the Fourteenth Amendment to the United States Constitution is, to some extent, applicable to hearings before administrative agencies. *State ex rel. Finley v. Dusty Drilling Co.* (1981), 2 Ohio App.3d 323, 2 OBR 366, 441 N.E.2d 1128; *State ex rel. B.F. Goodrich Co. v. Indus. Comm.* (1991), 73 Ohio App.3d 271, 596 N.E.2d 1118. In *Finley, supra,* this court concluded that procedural due process, as it is applied to administrative hearings before the bureau of workers' compensation, includes the right to a reasonable notice of hearing as well as a reasonable opportunity to be heard. Furthermore, the right to a reasonable opportunity to be heard includes

reasonable notice of the time, date, location and *subject matter* of the hearing. *Finley,* 2 Ohio App.3d at 325, 2 OBR at 368, 441 N.E.2d at 1128.

This court reaffirmed its decision in *Finley* in *State ex rel. Butler v. Indus. Comm.* (Jan. 31, 1991), Franklin App. No. 90AP–504, unreported, 1991 WL 10928. In that case, the commission mailed a notice of hearing to relator stating only that the question to be heard was permanent and total disability. However, when relator's application was heard before the commission, the commission also heard arguments regarding relator's request to depose a commission physician, ultimately denying the request to depose. This court concluded that relator was denied procedural due process in the commission's failure to provide notice that relator's pending motion to depose a commission physician would be heard when her application for permanent total disability compensation was to be heard before the commission. This court reasoned that despite the fact that relator's counsel had argued the merits of the pending motion to depose before the commission, the commission had nevertheless failed to provide relator with reasonable notice that the motion would be considered so as to permit relator adequate opportunity to prepare evidence or develop arguments on his behalf.

Upon review of the record in the instant case, we conclude that relator was indeed denied procedural due process in the commission's failure to provide adequate notice that the issue of temporary total disability would be heard at the same time that the commission would consider relator's appeal of the claim's allowance. Under normal circumstances, the staff hearing officers would have had authority to address claimant's entitlement to temporary total compensation had relator been apprised that such issue would be heard in conjunction with the issue of the claim's allowance. However, that was not the case. Relator was entitled to reasonable notice that the temporary total disability issue would be heard in order to allow relator adequate opportunity to prepare evidence or develop arguments on relator's behalf. *Finley* and *Butler, supra.* The commission's failure to provide adequate notice as to the issue of temporary total disability compensation unfairly prejudiced relator by precluding a reasonable opportunity to be heard on that particular subject. *B.F. Goodrich, supra.* Without specific, actual notice that the issue of temporary total disability compensation was to be addressed at the October 23, 1992 hearing, relator would have neither reason to believe nor any means of knowing that the issue would be heard, considered and decided at the hearing.

Upon finding that relator did not receive notice of the hearing at which the issue of temporary total compensation was heard, we conclude that the commission is required to vacate its order granting such compensation. This court has recently stated that the commission has no authority to require relator to pay compensation in the absence of a valid order awarding compensation to the

claimant. *State ex rel. Champion Internatl. Corp. v. Indus. Comm.* (Mar. 17, 1992), Franklin App. No. 91AP–472, unreported, 1992 WL 55432. In that case, this court, finding that the commission had no power to require the employer to pay permanent total disability compensation upon the basis of a void order, found that the employer was entitled to reimbursement from the surplus fund under former R.C. 4123.515 for all sums paid pursuant to the void order. The referee recommends that this court apply the decision in *Champion Internatl. Corp.* to the facts of the instant case. Relator objects to this recommendation, arguing that the referee's recommendation for a surplus fund reimbursement without first remanding to the commission for further hearings on temporary total disability compensation circumvents further administrative consideration. We disagree.

▪ In the instant case, the temporary total disability compensation payments were made pursuant to former R.C. 4123.515, which provided for surplus fund reimbursement in case of reversal. Thus, our conclusion that a writ of mandamus must issue ordering the commission to enter an order vacating its prior award necessarily triggers the operation of R.C. 4123.515. Since temporary total compensation was paid upon the basis of a void order, relator is entitled to reimbursement from the surplus fund under R.C. 4123.515 for all sums paid pursuant to the order issued on October 23, 1992. *Champion Internatl. Corp., supra.*

For the foregoing reasons, the commission's objections are overruled and the report and recommendation of the referee is adopted in its entirety. A writ of mandamus is hereby issued ordering respondent, Industrial Commission of Ohio, to vacate that portion of the October 23, 1992 order awarding temporary total disability compensation for the period December 9, 1988 through September 26, 1991, and to enter an order reimbursing relator from the surplus fund for all sums relator paid pursuant to the October 23, 1992 order. In addition to issuing the aforementioned writ, we remand the case to the commission for further clarification of the October 23, 1992 order, which, in our view, contains internal inconsistencies. The order apparently affirmed the regional board's allowance of the claim for "chronic asthmatic bronchitis," although the order states that the employer's appeal is granted. Relator's appeal was on the claim's allowance. Obviously, the commission would not have granted temporary total disability compensation had they intended to grant the employer's appeal of the allowance question. Thus, we remand the case to the commission for further clarification of its order.

*Writ granted.*

PEGGY BRYANT and DESHLER, JJ., concur.