[Cite as *State ex rel. Owens v. Indus. Comm.*, 2018-Ohio-1160.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. John R. Owens, | : | |
| Relator, | : | |
| v. | : | No. 17AP-97 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on March 29, 2018

**On brief:** *Law Offices of Kurt M. Young, LLC, Kurt M. Young,* and *Emil G. Gravelle, III,* for relator.

**On brief:** *Michael DeWine,* Attorney General, and *John Smart,* for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relator, John R. Owens, commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying him reimbursement for a prescription medication ("Voltaren gel") and to enter a new order that requires the commission to reimburse him for that medication.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate found that the commission did not violate relator's due process rights during a drug utilization review of relator's

medications. The magistrate further found that Dr. Bridger's report constituted some evidence supporting the commission's decision to deny reimbursement for the Voltaren gel. Therefore, the magistrate has recommended that we deny relator's request for a writ of mandamus.

{¶ 3} Relator has filed objections to the magistrate's decision. In his first objection, relator contends that his due process rights were violated because a nurse working for the employer's managed care organization ("MCO") initiated the review of relator's medications. We disagree.

{¶ 4} Because relator was provided with reasonable notice and a reasonable opportunity to be heard, we agree with the magistrate that the commission did not violate relator's due process rights. *State ex rel. Charles Steinbrunner v. Indus. Comm.*, 10th Dist. No. 05AP-626, 2006-Ohio-3444, ¶ 16, quoting *State ex rel. Finley v. Dusty Drilling, Co., Inc.*, 2 Ohio App.3d 323, 324-25 (10th Dist.1981) (" '[p]rocedural due process includes the right to a reasonable notice of hearing as well as a reasonable opportunity to be heard' "). Following the MCO's nonbinding decision, relator received two administrative hearings on the drug reimbursement issue. The fact that the employer's MCO initiated the drug utilization review, rather than the bureau or the commission, does not impact the due process analysis. Relator had notice and participated in multiple levels of administrative review. Therefore, we overrule relator's first objection.

{¶ 5} In his second objection, relator contends that Dr. Bridger's report is not some evidence on which the commission could rely because it allegedly reflects an "uncertain opinion." Again, we disagree.

{¶ 6} Contrary to relator's assertion, we fail to discern uncertainty in Dr. Bridger's report. Despite Dr. Bridger's use of the word "appears," we agree with the magistrate that Dr. Bridger's report clearly indicates he believed prescribing Voltaren gel was unnecessary given the Celebrex prescription. Because Dr. Bridger's report is some evidence on which the commission could rely, the commission did not abuse its discretion in denying relator's request for reimbursement for the Voltaren gel. Therefore, we overrule relator's second objection.

{¶ 7} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt

the magistrate's decision as our own, including the findings of fact and conclusions law contained therein.  In accordance with the magistrate's decision, we deny relator's request for a writ of mandamus.

*Writ of mandamus denied.*

TYACK and SADLER, JJ., concur.

———————————————

## APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. John R. Owens, | : | |
| Relator, | : | |
| v. | : | No. 17AP-97 |
| Industrial Commission of Ohio, et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

**Rendered on September 26, 2017**

*Law Offices of Kurt M. Young, LLC, Kurt M. Young,* **and** *Emil G. Gravelle, III,* **for relator.**

*Michael DeWine,* **Attorney General, and** *John Smart,* **for respondent Industrial Commission of Ohio.**

IN MANDAMUS

{¶ 8}  Relator, John R. Owens, has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied him reimbursement for a prescription medication, and ordering the commission to reimburse him for that medication.

<u>Findings of Fact</u>:

{¶ 9}  1.  Relator sustained a work-related injury on July 9, 2014 and his workers' compensation claim has been allowed for:  "left shoulder region contusion; subscapularis tendon tear partial left."

{¶ 10} 2. In June 2015, relator began treating with Nathan Hill, M.D., a pain specialist.

{¶ 11} 3. Although physical therapy provided some relief, relator continued to have muscle pain around his left shoulder. As a result, Dr. Hill prescribed Voltaren topical gel, a non-steroidal anti-inflammatory drug ("NSAID").

{¶ 12} 4. Because relator's pain was not subsiding, Dr. Hill submitted a C-9 for shoulder injections and a 30-day trial of a tens unit. Dr. Hill also prescribed relator Celebrex, 200 milligrams, and Ultram, 50 milligrams, and continued him using the Voltaren gel. Celebrex is also a NSAID.

{¶ 13} 5. 1-888-Ohio Comp, the employer's managed care organization ("MCO"), denied the request for additional occupational therapy, a tens unit, cortisone injections, and a subsequent MRI of relator's shoulder. The MCO provided the following rationale:

> Based on your request for services, review of medical records and consideration of nationally accepted guidelines, it is the opinion of this MCO that the requested services do not appear to be medically indicated or appropriate. Injured worker has been previously approved for conservative treatment of physical therapy 16 visits total. The physical therapy notes dated 10/7/2014 state the injured worker reports pain most of the time is 1/10 on scale and shows compliance with home exercise program and good understanding of exercise program, he will continue to strengthen at home. Injured worker has had a lapse of treatment of over 10 months. This would suggest that injury has been resolved. Fails Miller criteria #2 and #3.
>
> * * *
>
> Based on your request for services, review of medical records and consideration of nationally accepted guidelines, it is the opinion of this MCO that the requested services do not appear to be medically indicated or appropriate. Injured worker has been authorized for 2 previous left shoulder MRI's. Injured worker was last seen for shoulder on 11/4/2014 prior to recent notes from Dr. Hill dated 7/3/2015. Injured worker has had a lapse of treatment of over 10 months. This would suggest that injury has been resolved. Fails Miller criteria #2 and #3.

{¶ 14} 6. Relator challenged the denial of services and the matter was heard before a district hearing officer ("DHO") on November 12, 2015. The DHO granted relator's request for two shoulder injections, denied the requested occupational therapy evaluation and treatment, and the requested tens unit trial. At the hearing, counsel dismissed the requested right shoulder MRI.

{¶ 15} 7. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on January 6, 2016. The SHO modified the prior DHO order and authorized the requested two left shoulder injections as well as the occupational therapy evaluation and treatment. The SHO did deny the 30-day trial of the tens unit.

{¶ 16} 8. On April 6, 2016, "Jill P. RN," who works for the MCO, requested a Medco-34 to review the reasonableness, necessity, and appropriateness of the prescription medications relator was using. The MCO notified relator, through counsel, of the drug utilization review.

{¶ 17} 9. Matthew A. Bridger, M.D., reviewed relator's relevant medical records and performed a drug utilization review. In his April 30, 2016 report, Dr. Bridger identified the allowed conditions in relator's claim as follows:

> The allowed condition for the use of the medications is S46912A - "strain Of Unspecified Muscle, Fascia And Tendon At Shoulder And Upper Arm Level, Left Arm, Initial Encounter." This diagnosis is also used for additional allowance approval for partial subscapularis tear, left shoulder. The diagnosis was confirmed on an 08/2014 MRI.

{¶ 18} Thereafter, Dr. Bridger stated:

> The treatment has not involved injections or surgery, but treated conservatively with PT and medications. The other diagnoses are soft tissue injury and have resolved MONTHS ago. The [Injured Worker] has been released to full duty for months. There appears to be redundancy of NSAIA use with celebrex and voltaren (topical). Recent note from Dr. Hill has refills for celebrex. The cost of the medications is not included in the pharmacy materials, but is assumed to be within the standard of care for the indicated medications. It is with a reasonable degree of medical certainty that this physician (13 years of occupational medicine experience) opines:

(1) The medical reviewed SUPPORTS adequate prescribing physician information to medically justify the use of Celebrex and ultram being utilized by the injured worker as medically necessary, appropriate and reasonably related to treatment of symptoms associated with the allowed condition for this claim. The medical reviewed DOES NOT SUPPORT adequate prescribing physician information to medically justify the use of voltaren being utilized by the injured worker as medically necessary, appropriate nor reasonably related to treatment of symptoms associated with the allowed condition for this claim.

(2) The medical reviewed SUPPORTS the specific drug dosing and duration for celebrex and ultram to be reasonably related, medically reasonable and appropriate for the allowed condition(s) for this claim. The medical reviewed DOES NOT SUPPORT the specific drug dosing and duration for voltaren to be reasonably related, medically reasonable and appropriate for the allowed condition for this claim.

(3) There are NO potentially harmful effects for the use and compliance monitoring by a pain specialist for the continuance of the listed medications. There is NO documentation to support redundant use of NSAIA. The combination of currently prescribed indicated drugs is in compliance with best practices for the allowed condition in this claim.

(Emphasis sic.)

{¶ 19} 10. In an order mailed May 5, 2016, the Ohio Bureau of Workers' Compensation ("BWC") denied reimbursement for the Voltaren gel based on the physician review of Dr. Bridger.

{¶ 20} 11. Relator appealed and the matter was heard before a DHO on June 15, 2016. The DHO affirmed the order of the administrator and denied reimbursement for the use of Voltaren gel based on the report of Dr. Bridger. Thereafter, the DHO addressed relator's argument that Dr. Bridger's report and the Medco-34 request for drug utilization review should be dismissed because it was not signed by the MCO's medical director. The DHO rejected that argument, stating:

Preliminarily, the District Hearing Officer notes the Injured Worker's argument that Dr. Bridger's report and the MEDCO-

34 Managed Care Organization (MCO) Request for Drug Utilization Review (DUR) should be dismissed, as the MEDCO-34 form was not signed by the MCO medical director. The Injured Worker's representative based this argument on Chapter 7 of a Bureau of Workers' Compensation publication which was not cited by name. Additionally, the Injured Worker did not provide the Hearing Officer with a copy of such authority. As this issue was reviewed by Dr. Bridger, and as he duly signed his 04/30/2016 report, the District Hearing Officer rejects the Injured Worker's argument to dismiss the MEDCO-34 at issue.

{¶ 21} 12. Relator appealed and the matter was heard before an SHO on August 5, 2016. The SHO affirmed the prior DHO order and denied reimbursement for relator's Voltaren gel based on the report of Dr. Bridger. The SHO also rejected relator's argument concerning the validity of the review, stating:

The Staff Hearing Officer rejects the argument of the Injured Worker's representative that Dr. Bridger's report is not some evidence on which to rely as the Injured Worker's representative indicates that the guidelines for obtaining a drug utilization review were not followed in this claim. The Staff Hearing Officer finds no mandatory requirement that the request for a drug utilization review must be signed by a managed care organization physician or medical director. The request was made by Jill P., R.N. This R.N. completed claims notes which are contained in the claim file dated 04/06/2016 wherein R.N. "Jill" explains the need for the drug review request. The request was forwarded to Dr. Bridger to do the drug utilization review. Dr. Bridger signed his report which contains his medical opinion and Dr. Bridger is a duly licensed medical doctor. As such, his review is found to be some evidence on which the Industrial Commission can rely.

{¶ 22} 13. Relator's appeal was refused by order of the commission mailed August 31, 2016.

{¶ 23} 14. Thereafter, relator filed this instant mandamus action in this court.

Conclusions of Law:

{¶ 24} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 25} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 26} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 27} Relator makes the following two arguments: (1) he was denied due process of law when the commission processed the Medco-34 drug utilization review ("DUR") request when it was not submitted pursuant to the guidelines of the Ohio Administrative Code; and (2) the commission abused its discretion when it decided not to reimburse relator for the Voltaren gel.

{¶ 28} Relator is correct to assert that due process rights are implicated in administrative proceedings such as those before the commission. As this court explained in *State ex rel. Steinbrunner v. Indus. Comm.*, 10th Dist. No. 05AP-626, 2006-Ohio-3444:

> As applied to proceedings before the commission, "[p]rocedural due process includes the right to a reasonable notice of hearing as well as a reasonable opportunity to be heard." Id. at 324-325. "Furthermore, the right to a reasonable opportunity to be heard includes reasonable notice of the time, date, location and subject matter of the hearing." State ex rel. LTV Steel Co. v. Indus. Comm. (1995), 102 Ohio

> App.3d 100, 103-104, 656 N.E.2d 1016. Without reasonable notice of the hearing's subject matter, a party's right to appear and present well-supported and developed arguments endorsing his position is compromised.

*Id.* at ¶ 16.

{¶ 29} In support of his argument that the drug utilization review was not properly before the commission, relator cites R.C. 4121.32(C)(2), which provides:

> (C) The bureau and commission jointly shall develop, adopt, and use a policy manual setting forth the guidelines and bases for decision-making for any decision which is the responsibility of the bureau, district hearing officers, staff hearing officers, or the commission. Guidelines shall be set forth in the policy manual by the bureau and commission to the extent of their respective jurisdictions for deciding at least the following specific matters:
>
> * * *
>
> (2) Relationship of drugs to injury.
>
> Relator also cites Ohio Adm.Code 4123-6-21(P), which provides:
>
> The bureau may contract with a pharmacy benefit manager to perform drug utilization review and on-line bill processing, maintain a pharmacy provider network and prior authorization program for medications, and provide management reports. The bureau or its vendor may also contract rebate agreements with drug manufacturers. The bureau may utilize other services or established procedures of the pharmacy benefits manager which may enable the bureau to control costs and utilization and detect fraud.

{¶ 30} Relator argues that his due process rights were violated when a nurse working for the employer's MCO initiated the review of the medications which relator was taking. Contrary to relator's assertions, neither the BWC nor the commission initiated the review of his medications and, as such, the statute and code provisions on which he relies do not apply here. To the extent that there is any due process argument to be made, the magistrate specifically notes that relator received two hearings on the matter. Clearly, relator was provided with notice and an opportunity to be heard and, as such, there was no due process violation.

{¶ 31} Relator's second argument is that the commission abused its discretion when it denied reimbursement for the Voltaren gel.  Here, the commission relied on the review of Dr. Bridger who specifically opined that there appeared to be redundancy through the use of Celebrex and Voltaren gel, both NSAIDS, and that the medical evidence review did not support the justification of using the Voltaren gel in addition to the Celebrex.  The magistrate finds that the report of Dr. Bridger does constitute some evidence on which the commission could rely and, as such, relator has not demonstrated that the commission abused its discretion.

{¶ 32} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion when it denied reimbursement for Voltaren gel and this court should deny his request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).