[Cite as *Quinton v. Delaware Cty. Bd. of Revision*, 2024-Ohio-6034.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JAMES H. QUINTON III | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DELAWARE COUNTY BOARD OF | : | |
| REVISION, ET AL. | : | Case No. 24 CAH 04 0025 |
| | : | |
| Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Ohio Board of Tax
                             Appeals, Case No. 2023-1453

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT:            December 26, 2024

APPEARANCES:

For Appellant                For Appellees

DESMOND J. CULLIMORE         MELISSA A. SCHIFFEL
3664 Hickory Rock Drive      MICHAEL P. CAVANAUGH
Powell, OH  43065            145 North Union Street, 3rd Floor
                             P.O. Box 8006

Delaware, OH  43015

*King, J.*

{¶ 1}   Appellant, James H. Quinton III, appeals the March 26, 2024 decision and order of the Ohio Board of Tax Appeals ("BTA") upholding the valuation set by Appellee, Delaware County Board of Tax Revision ("BOR").  Additional Appellees are the Delaware County Treasurer and the Delaware County Auditor.  We reverse the BTA.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In 2019, Quinton built a home in Delaware County, Ohio, for $381,000. After moving into the home in 2020, Quinton observed widespread cracks and damages to walls, floors, ceilings, and tile in the home.  He was unable to resolve the issues with his builder so the parties are currently engaged in litigation.

{¶ 3}   In 2022, the Delaware County Auditor valued Quinton's home at $325,000. Quinton filed a complaint with the BOR seeking a reduction in value to $0.  A hearing was held on July 27, 2023.  Quinton appeared and explained the damages to his home.  He testified based on experts he hired, a structural engineer, a geotechnical engineer, and a construction attorney, his home was built on expansive shale and there were voids under the home; as a result, the soil underneath the home was unstable and the home was sinking and heaving.  Quinton presented photographs of his home, an appraisal by John W. Uttley, III, SRA, valuing the property at $0, and a geotechnical engineering report by Joseph W. Petraus, P.E.  Neither expert testified at the hearing.  The BOR then tabled any decision in order to have a staff appraiser inspect the home and receive comments from Mr. Petraus.  On September 7, 2023, the BOR reconvened and held another hearing. Quinton was not present for this hearing as he was not notified.  By decision dated September 7, 2023, the BOR noted the home's value previously had been lowered by

$25,000 to account for the damages, the submitted appraisal and report constituted inadmissible hearsay because neither expert testified at the July hearing, and Quinton would not permit the BOR to have a contractor visit the property to provide the BOR with an estimate of the costs to repair the damages. The BOR concluded Quinton failed to provide sufficient information to meet his burden of proof.

{¶ 4} Quinton appealed to the BTA. Following the requirements of R.C. 5717.04, Quinton's notice listed four assignments of error with one specifically assigning as error a violation of his procedural due process rights for failing to notify him of the September hearing. The parties elected to submit written arguments. In a decision and order dated March 26, 2024, the BTA agreed the submitted reports were inadmissible because the experts did not testify and therefore the reports would not be considered. The BTA concluded Quinton did not demonstrate how the damages to his home impacted the home's value and he did not meet his burden of proof to warrant the requested reduction. The BTA upheld the valuation of $325,000. The BTA did not address the due process argument.

{¶ 5} Quinton filed an appeal with the following assignments of error:

I

{¶ 6} "THE BTA'S DECISION IS UNREASONABLE AND UNLAWFUL, AND IT ABUSED ITS DISCRETION WHEN IT FAILED TO CONSIDER APPELLANT'S ARGUMENT THAT THE BOARD OF REVISION VIOLATED PROCEDURAL DUE PROCESS WHEN IT RECONVENED THE HEARING WITHOUT NOTIFYING APPELLANT TO PROVIDE HIM WITH A FULL AND FAIR OPPORTUNITY TO BE HEARD."

II

{¶ 7}   "THE BTA'S DECISION IS UNREASONABLE AND UNLAWFUL, AND ABUSED ITS DISCRETION WHEN IT HELD THAT APPELLANT FAILED TO MEET HIS BURDEN OF PROOF WARRANTING THE REQUESTED REDUCTION IN VALUE."

III

{¶ 8}   "THE BTA'S DECISION IS UNREASONABLE AND UNLAWFUL, AND ABUSED ITS DISCRETION WHEN IT FAILED TO CONSIDER AVAILABLE COMPETENT AND PROBATIVE EVIDENCE WHEN MAKING ITS DECISION."

IV

{¶ 9}   "THE BTA'S DECISION IS UNREASONABLE AND UNLAWFUL, AND ABUSED ITS DISCRETION WHEN IT FAILED TO CONSIDER THE BEST EVIDENCE SUBMITTED TO THE BOARD OF TAX APPEALS."

I

{¶ 10} In his first assignment of error, Quinton claims the BTA erred in failing to find the BOR violated his procedural due process rights when it reconvened the hearing without notifying him.  We agree.

{¶ 11} In reviewing a decision of the BTA, this court determines whether it is "reasonable and lawful."  R.C. 5717.04; *Shiloh Automotive, Inc. v. Levin*, 2008-Ohio-68, ¶ 15.  We will review legal issues de novo, but "will defer to the BTA's findings concerning the weight of evidence so long as they are supported by the record."  *See Lunn v. Lorain County Board of Revision,* 2016-Ohio-8075, ¶ 13.

{¶ 12} Quinton correctly argues he is entitled to procedural due process in an administrative proceeding. *State ex rel. LTV Steel Co. v. Industrial Commission of Ohio,* 102 Ohio App.3d 100, 103-104 (10th Dist. 1995), citing *State ex rel. Finley v. Dusty Drilling Co., Inc.,* 2 Ohio App.3d 323, 324 (10th Dist. 1981) ("The Due Process Clause of the Fourteenth Amendment to the United States Constitution is applicable, to some extent, in most administrative hearings"). Our Tenth District colleagues stated, "[p]rocedural due process includes the right to a reasonable notice of hearing as well as a reasonable opportunity to be heard" to "insure the fairness of the hearing." *Finley* at 324-325. Reasonable notice includes notice of the time, date, location, and subject matter of the hearing. *Id.* at 325.

{¶ 13} The BOR argues Quinton was provided a full and fair opportunity to be heard on July 27, 2023; Quinton testified and was able to present evidence in support of his request for a $0 valuation. Quinton had photographs and an appraisal report and an engineering report. July 27, 2023 BOR T. at 3. But after hearing testimony from Quinton as to the condition of the property, the BOR tabled the decision. *Id.* at 8. The BOR Chairman indicated it had a lot of questions, and was "more concerned with the engineering guy more so than the appraisal. And I think his information is on his report, the numbers. . . . [w]e may call him or Scott may call him and ask questions of what he found out." *Id.* Quinton offered to have the BOR see his property and the Chairman stated: "What I'd like to do is get to where you guys can set a date within the next three or four weeks hopefully. The sooner the better." *Id.* Handwritten notes in the record state the decision was tabled "pending - inspection and comments from engineer." It was

clear the BOR was seeking additional information and a decision was not forthcoming until that information was received.

{¶ 14} The BOR reconvened and held a hearing on September 7, 2023. Quinton was not in attendance at this meeting as he had not been notified. The Chairman indicated because Quinton's experts did not testify on their respective reports during the July hearing, the reports constituted hearsay and would not be considered. September 7, 2023 BOR T. at 2. The BOR found Quinton "would not grant permission for the Board to have a contractor visit the property for the purposes of providing the Board an estimate of the cost to repair the damage." *Id.* at 3. There is no testimony in the record to support this statement. The BOR concluded it did not have sufficient information "to arrive at a determination of value for the property based on the extent of any additional damage to the property" and therefore reaffirmed the $25,000 damages reduction and the $325,000 valuation. *Id.* The BOR did not refer to any additional evidence it might have considered after tabling the decision to receive more information. The record indicates a county representative, Mr. Parrish, visited the home after the July hearing and spoke with Mr. Petraus, the geotechnical engineer. The September hearing did not mention this visit.

{¶ 15} In support of his argument to the BTA of a violation of his procedural due process rights, Quinton submitted his affidavit and averred the following in pertinent part:

4. On July 31, 2023, Mr. Parrish visited my home to view the damage to the home and confer with Mr. Petraus, P.E.

5. This visit by Mr. Parrish was the first and only time anyone with or representing the County viewed the damage to the home.

6. Mr. Parrish informed me that the condition of this home was one of the worst he has ever seen throughout his long career and that his heart breaks for me and my wife.

8. I contacted Mr. Petraus, P.E., while Mr. Parrish viewed the home and Mr. Petraus, P.E. summarized the technical issues presented in his report for Mr. Parrish.

9. Mr. Parrish appeared satisfied with the explanation of the technical issues and still appeared to be experiencing an emotional reaction to the significant damage to my home.

13. I was not provided notice by the Delaware County Board of Revision or by anyone that the hearing over the valuation of my property was reconvened on September 7, 2023, and, therefore, I was not in attendance.

*See* January 5, 2024 Affidavit of James H. Quinton III, attached to his Brief to the Ohio Board of Tax Appeals.

{¶ 16} In his appellate brief to the BTA at 7, Quinton argued the following:

Had Mr. Quinton be[en] notified that the hearing was reconvened, Mr. Quinton would have had the certified appraiser and professional engineer present to answer further questions, would have been able to challenge any determinations of hearsay, and would have be[en] able to

address the issue of the alleged "damaged property report filed in 2021" as well as any other allegations and reference to evidence that was not admitted in the hearing.

{¶ 17} The BTA did not consider Quinton's affidavit because it found an appellant cannot attach additional evidence to a "notice of appeal."  We note the only document attached to the notice of appeal to the BTA was the decision of the BOR.  The affidavit was attached to Quinton's appellate brief to the BTA.  While the BTA is correct that an appellant cannot attach additional evidence on appeal, Quinton's affidavit was not attached to present additional evidence, but to explain how his due process rights were violated.  And while the BTA is also correct that expert reports without testimony from the experts could constitute inadmissible hearsay, the hearing in this case was stopped for the BOR to gather more evidence.  During the July hearing, the BOR did not mention any hearsay issues with the reports and in fact, seemed to rely on Mr. Petraus's report to seek more information.  The BOR wanted their personal representative to inspect the damages to the home and wanted comments from Mr. Petraus.  It was reasonable for Quinton to believe an additional hearing would be held to review the findings of Mr. Parrish and the comments by Mr. Petraus and he would have the opportunity to question them and present additional evidence; otherwise, what would be the BOR's point of seeking the additional information?

{¶ 18} It was Quinton's burden to prove his requested change in valuation. *Freshwater v. Belmont County Board of Revision,* 80 Ohio St.3d 26, 28 (1997).  In failing to be noticed of the reconvened hearing, Quinton was denied the opportunity to question

Mr. Parrish, present rebuttal or additional testimony, and/or argue against the hearsay finding.  We find Quinton was denied the opportunity to a full and fair hearing.

{¶ 19} Upon review, we find the BTA erred in failing to find the BOR violated his procedural due process rights when he was not notified of the September hearing.

{¶ 20} Assignment of Error I is granted.  Assignments of Error II, III, and IV are premature.

{¶ 21} The decision and order of the Ohio Board of Tax Appeals is hereby reversed and the matter is remanded for further proceedings.

By King, J.

Hoffman, P.J. and

Baldwin, J. concur.